## Eaton vs. White and another.

A clause in a mortgage of certain tracts of land "excepting therefrom so much of said tracts as have been conveyed by [the mortgagor] by *deed* to different individuals," does not reserve from the operation of the mortgage a portion of said lands covered by a prior unrecorded *mortgage*.

The word "deed" in such clause must be understood as signifying an instrument by which the land had been conveyed; especially as it appeared in evidence that the mortgagor had actually conveyed portions of said tracts of land.

After confirmation of a sale made under a decree, the regularity of the appointment of the person (other than the sheriff) by whom the sale and the report thereof were made, will be presumed; and courts will not inquire into it collaterally for the sake of impeaching the sale.

ERROR to the Circuit Court for *Fond du Lac* County.

Ejectment, for a lot of land forming part of the east half of the north-east quarter of a certain section of land in said county. The defendant *Artemisia White* claimed title to one undivided half of the premises, and obtained a judgment affirming her title thereto; to reverse which the plaintiff below brought the cause to this court on writ of error. The case is stated in the opinion.

*R. P. Eaton*, plaintiff in error, in person, argued that the lot was reserved from the mortgage under which defendants claim, by the words of exception therein contained (13 Wis., 75); and that there was no valid sale under the decree foreclosing that mortgage, the statute (R. S. 1849, ch. 84, sec. 82) requiring that the sale should be made by the sheriff, unless otherwise ordered in the decree, and no order directing a sale by any other person appearing to have been made.

*Gillett & Conklin*, for respondent.

*By the Court*, DIXON, C. J. The plaintiff in error, who was plaintiff below, claims title to one undivided half of the lot through a mortgage executed by *George White* to Lane and Scott, dated May 23, 1849, and recorded June 18, 1850. The defendant *Artemisia White* claims title to the same premises through a mortgage executed by the same mortgagor to Warren Ball, dated February 16, 1850, and recorded February 21, 1850. Both of these mortgages were of a much larger tract of land, of which the undivided half lot in dispute was a part. Ball, the second mortgagee, testifies that at the time of taking and recording his mortgage, he had no knowledge of the mortgage to Lane and Scott. Under the registry law, therefore, his mortgage, taken without notice of the previous mortgage, and being the first upon record, became the first lien upon the prem-

ises. In Ball's mortgage, however, there was a reservation in these words: "Excepting so much out of said tracts of land, as have been conveyed by the said *White* by deed to different individuals." It is claimed by the plaintiff in error, that the Lane and Scott mortgage is within the language of this exception, and, therefore, paramount. We are of the contrary opinion, and that a fair construction of the exception requires that the mortgage should be excluded from its operation. It is true that the word "deed" is sometimes generic, and includes every writing or instrument under seal. In that sense a mortgage would be included. But it is frequently used in a much more limited sense, and signifies a writing by which lands are conveyed. This is its more popular and usual signification, and that in which it was evidently employed by the parties to the mortgage. The expression is, *"tracts of land conveyed by deed."* It appears from the case that *White* had previously conveyed several parcels of the tract by deed, and it was with reference to those conveyances, no doubt, that the exception was inserted.

The objection that it does not appear that Stanchfield, who made the sale under the decree upon the Ball mortgage, was either a deputy sheriff, or specially deputed in writing by the sheriff to make the sale, comes too late. We suppose, inasmuch as Stanchfield does not sign his name as deputy, that it must be taken that he acted under special authority given by virtue of the statute now found as sec. 100, ch. 13, R. S. Indeed he says, in his affidavit, that he sold by and under the direction of the sheriff. This implies, we think, that he was specially deputed. If he was not deputed in writing, as required by the statute, the time to make that objection was when the plaintiff moved for a confirmation of the sale. After confirmation, the regularity of his appointment will be presumed, an d courts will not inquire into it collaterally for the purpose of impeaching the sale or the order of the court confirming it.

Judgment affirmed.