[No. 7,590.—Department Two.]

## WILLIAM M. STEPHENS *v.* P. L. HALLSTEAD.

ACTION TO RECOVER PERSONAL PROPERTY—JUSTIFICATION—FRAUD—AN-
SWER—PLEADING—BURDEN OF PROOF—EVIDENCE.—In an action for the recovery of personal property, the defendant in his answer, after denying plaintiff's ownership, justified the taking under an attachment (followed by a judgment and execution) against one F., the plaintiff's vendor, who, it was alleged, was at the time of the taking the owner and in possession of the property; and further alleged that the claim of the plaintiff was based upon a pretended transfer of the property to him by F., and that this transfer—as was known to the plaintiff—was made for the purpose of hindering, delaying, and defrauding the creditors of F. The Court did not find upon this last allegation; but, besides finding the other facts alleged in the answer, found that the sale from F. to the plaintiff was not followed by an immediate delivery, or by an actual and continued change of possession; and on appeal it was contended that the issue of fraud tendered by the defense was one of actual and not of constructive fraud; and that there was no finding upon the issue actually tendered, but a finding of a constructive fraud only.

*Held,* that the finding was within the issue made by the plea of justification. When plaintiff showed a bill of sale from F., the defendant, by showing the matters pleaded in justification, put upon the plaintiff the burden of showing an actual delivery and continued change of possession; that he was not required in this defense to plead anything as to the nature or origin of the title of the plaintiff; and that his allegation on this point might be disregarded as surplusage.

APPEAL from a judgment for the defendant in the Superior Court of Plumas County. CLOUGH, J.

*R. H. F. Variel* and *W. W. Kellogg,* for Appellant.

*J. D. Goodwin* and *D. W. Jenks,* for Respondent.

THORNTON, J.:

This is an action to recover possession of twenty-six milch cows, eighteen calves, a bull, etc., and damages for their detention, alleged by the plaintiff to have been owned and possessed by him on the 18th of June, 1880, on which day, it is averred, they were taken from his possession by the defendant, and have since that day been, by the defendant, detained from him.

The defendant answered the complaint, and denied each and every allegation thereof, except that "he took possession of the cattle described in the plaintiff's complaint, and still retains possession of said cattle." And for a defense defendant averred that he was on the day last named, and since has been, and still is, the duly elected and acting Sheriff of the County of Plumas; that on that day, and for a long time prior thereto, John Fagniani was the owner and in possession and entitled to the possession of the cattle described in the complaint; that on the day above named he, as Sheriff of the County of Plumas, levied on, seized, and took into his possession, and from the possession of Fagniani, the cattle above mentioned, by virtue of a writ of attachment issued out of the Superior Court of the County of Plumas, in a case therein pending, wherein one H. B. Abbott was plaintiff and Fagniani was defendant, in obedience to the mandate of said writ; that thereafter, on the 18th day of July, 1880, judgment was rendered in said case in favor of Abbott and against Fagniani; that execution was duly issued thereon against the property of Fagniani, which execution was directed to him as Sheriff aforesaid, and that he now holds said cattle by virtue of this execution. So far this is a justification by the defendant of his acts as Sheriff. Then follow the additional averments— that the claim which plaintiff pretends to have upon the cattle is based upon a pretended or attempted transfer of them from Fagniani to the plaintiff; that said transfer was done with a view to hinder, delay, and defraud the creditors of Fagniani; and that when the transfer was pretended and attempted to be made, plaintiff knew that it was solely for the purpose of hindering, delaying, and defrauding the creditors of Fagniani, and was not made in good faith, and was wholly void.

The cause was tried by the Court, a jury having been waived, and judgment was rendered for the defendant. From this judgment plaintiff appealed.

The decision of the Court was as follows:

"1. That on the 18th day of June, 1880, the defendant, P. L. Hallstead, was, and ever since has been, and still is, the duly elected, qualified, and acting Sheriff of the County of Plumas, in and for the State of California.

"2. That on or about October 1, 1878, one John Fagniani was the owner of, in possession of, and entitled to the possession and control of the twenty-six milch cows, and one bull, mentioned in plaintiff's complaint, and had been the owner of, and in possession and control of said cattle for more than one year prior thereto.

"3. That on or about the said 1st day of October, 1878, said John Fagniani made and executed to William M. Stephens, the plaintiff in this action, a bill of sale, which said bill of sale purported to convey to said Stephens, among other things, the said twenty-six cows and one bull, described in plaintiff's complaint.

"4. That the execution of said bill of sale was not followed by an immediate delivery of said cattle, and was not followed by an actual and continued change of possession of said cattle, and no actual nor continued change of possession of such cattle had occurred at the time of the levy of the attachment hereinafter spoken of.

"5. That the eighteen calves, described in plaintiff's complaint, are a portion of the increase or issue of the said twenty-six cows above mentioned, subsequent to the execution of said bill of sale.

"6. That on the 18th day of June, 1880, one H. B. Abbott commenced an action in the Superior Court of Plumas County against said John Fagniani, to recover certain moneys due to him from said John Fagniani; that, thereupon, a writ of attachment issued out of said Court, which said writ commanded said defendant P. L. Hallstead, as Sheriff aforesaid, to attach and safely keep any personal property of said John Fagniani that could be found; and that said defendant, Sheriff, seized and took from the possession of said John Fagniani

the cattle described in plaintiff's complaint, under and by virtue of said writ of attachment.

"7. That on the 1st day of June, 1880, said H. B. Abbott recovered judgment in said Court against said John Fagniani in the action aforesaid, and that execution was thereon duly issued against the property of said John Fagniani, which said execution was directed to this defendant, as Sheriff aforesaid, and that said defendant now holds said cattle under and by virtue of said execution.

" As conclusions of law from the foregoing facts, the Court finds:

" That at the time of the commencement of this action plaintiff was not the owner of nor in the possession of, the cattle described in his complaint as against an attaching creditor of said Fagniani, and that said bill of sale executed by Fagniani to Stephens was fraudulent, and void against the creditors of said Fagniani.

" That the complaint should be dismissed, and that the defendant have and recover from the plaintiff his costs herein expended.   Let judgment be entered accordingly."

The appellant contends that the findings are defective in not passing on the issues made by the pleadings: that the issue of fraud tendered by the defense specially set up, was one of *actual fraud*, and not of *constructive fraud;* that the findings (see fourth finding of fact) are only of a constructive fraud, which is entirely outside of the issues in the case, and that there is no finding upon the issue of fraud that was made, viz.: that of actual fraud.

If the findings of fact above referred to were not within the issues joined by the pleadings the position is tenable—*secus,* if they were.

Admitting that the defense set up was one of *actual fraud,* as contended by counsel for appellant, and that a constructive fraud could not be proved under it, still the defense of *constructive fraud* (so styled by appellant's counsel) could be made under the justification set up by the defendant in the answer.   The defendant was not bound to anticipate the case made by the plaintiff, or to assume that he claimed as a purchaser from Fagniani.   When plaintiff showed a bill of sale from Fagniani, the defendant, by showing the matters pleaded

in justification, put upon the plaintiff the burden of showing an immediate delivery, and that such delivery was followed by an actual and continued change of possession. The defendant was not required in this defense to plead anything as to the nature or origin of the title of plaintiff. The law placed on him no obligation to know what such title was, and therefore he was not required to set up in this defense anything in regard to it, having already denied any title in him in the first paragraph of the answer. The above is sustained by the decision of this Court in *Grum* v. *Barney,* 55 Cal. 256, which was relied on and approved in *Humphreys* v. *Harkey,* id. 283. We think the finding was within the issue joined on the justification pleaded. In our judgment, that portion of the answer, styled a defense of actual fraud, may be disregarded as surplusage. It is in the answer separated from the justification pleaded, and constitutes no part of it. The justification is complete without it, and therefore the part of the answer referred to may be rejected as no part of that defense. (Gould's Plead., c. 3, §§ 170, 171.)

It is contended that the evidence is insufficient to sustain findings four and six.

We have examined the evidence carefully, and find a substantial conflict therein in regard to the facts found in the findings referred to. We can not, then, reverse the judgment on the ground above stated, according to the long-settled rule.

The findings cover all the issues in the case. The decision is not against law. The defendant justified not only under the writ of attachment, but under a judgment and execution. Moreover, the property was not taken under the writ of attachment from the possession of the plaintiff, but from that of the judgment debtor, Fagniani. It was so averred in the answer, and so found by the Court. (*Thornburgh* v. *Hand,* 7 Cal. 554; *Horn* v. *Cowarubias,* 51 id. 524.)

Judgment affirmed.

MYRICK, J., SHARPSTEIN, J., and MORRISON, C. J., concurred.