# PARKS *v.* WILCOX.

(*Supreme Court of Colorado, Spring Term, 1883—Appeal from the District Court of Lake County*).

1. JURISDICTION—STATE AND FEDERAL COURTS. Where different Courts have concurrent jurisdiction in respect of the same subject matter, that Court to which jurisdiction, by legal proceedings, has first attached, is entitled to proceed therein without interference by another Court. This rule applies as well between State and Federal Courts as between Courts of the same State; *e. g.:* If a U. S. Marshal seize property under an attachment issued out of the Federal Court, and a claimant of said property sue in replevin in a State Court, the Marshal may justify by pleading the attachment. The remedy open to the claimant is to intervene in the attachment suit.

2. SAME—JUDGMENT—DAMAGES. When in such case a State Court sustains plea to its jurisdiction, it is proper that judgment be rendered for return of the property, or its value—the first officer must be placed in the same position with respect to the property in which he stood before he was wrongfully dispossessed, and the process of his Court unlawfully interfered with.

3. ERROR not assigned will not be considered by the Supreme Court.

4. PLEADING. The answer in replevin setting up that the property is held under attachment which issued out of another Court, is not in the nature of a plea in abatement, but is a plea in bar; not a plea to the jurisdiction of the Court, but that the subject matter of the litigation was already *pendente lite* in a Court of competent jurisdiction, with rightful authority to protect its own officers in the execution of its process. The right to file such plea is not waived by previous demurrer to the complaint.

STONE, J. Where different Courts possess concurrent jurisdiction in respect of the same subject matter, as a general rule, that Court to which jurisdiction, by legal proceedings, has first attached, is entitled to proceed therein without interference by another Court. This rule applies as well between State and Federal Courts as between Courts of the same State.

The application of this rule is decisive of the question presented for determination in the case at bar.

A creditor of Freudenfelt & Jelenko, a failing firm in Leadville, sued the firm in the Circuit Court of the United States for the District of Colorado, out of which Court a writ of attachment issued, by virtue of which writ, Wilcox, the appellee, as United States Marshal for said district, seized the goods of the firm. An assignment had been made by the firm to Parks,

the appellant, who, as assignee, brought an action of replevin for possession of the goods against appellee, in the District Court of the State for the county of Lake, and the goods were taken from the possession of the U. S. Marshal under the writ of replevin. The answer of Wilcox to the complaint in replevin, justified the taking under the writ of attachment, reciting the proceedings in the Federal Court for its issuance, and averred the jurisdiction of that Court in the proceedings, and prayed judgment for the return of the goods. To this answer Parks demurred for insufficiency as a defense. The Court overruled the demurrer, and Parks elected to stand thereby. Thereupon the Court rendered judgment *retorno habendo*, or for the value of the goods, fixed at $3,330.40, and costs, if return be not made, etc., from which judgment Parks appeals to this Court.

The assignment of errors raises the sole question of jurisdiction.

This question is, we think, fully settled by the Supreme Court of the United States, as well as by several decisions of State Courts. The case of *Freeman* v. *Howe*, 24 How., 450, is nearly identical with that before us, and is directly in point. In that case, the U. S. Marshal, by virtue of a mesne process, issuing out of the U. S. Circuit Court for the District of Massachusetts, attached certain property, which was afterwards taken out of his hands by a county sheriff under a writ of replevin sued out by the mortgagees of the property, and it was held upon the authority of the case of *Taylor* v. *Carryl*, 20 How., 583, that according to the course of decisions in the case of conflicting authorities under State and Federal process, and in order to avoid unseemly collision between them, the question as to which authority should for the time prevail, did not depend upon the rights of the respective parties to the property seized, whether the one was paramount to the other, but upon the question which jurisdiction had first attached by the seizure and custody of the property under its process.

In the case of *Feusier* v. *Lammon*, 6 Nevada, 209, it was held that where a replevin suit was commenced in a State Court against a U. S. Marshal for goods seized by him under attachment process from a United States Court, the State Court could

not extend its inquiry beyond the question of the validity of the Federal process, and if such process were valid, the question of title to the goods was irrelevant.

The Supreme Court of Iowa, in *Ex parte Holman*, 28 Iowa, 88, wherein the question is very ably and at great length discussed by Dillon, C. J., follow the rule laid down in *Freeman* v. *Howe, supra,* feeling themselves bound to follow the rule of decision of the Supreme Federal Court upon the question.

The same doctrine is also held by the Supreme Court of Wisconsin in the case of *Booth* v. *Ableman*, 18 Wis., 519, and by the Supreme Court of Illinois in *Munson* v. *Harroun*, 34 Ill., 422; and in *Logan* v. *Lucas*, 59 Ill., 237; see also *The Ship Robert Fulton*, 1 Paine, C. C., 620; and the case of *Taylor* v. *Carryl*, 24 Pa. St., 259.

In the case of *Buck* v. *Colbath*, 3 Wall., 335, the action against the Marshal was trespass, and while pointing out the inapplicability to the case of the rule in *Freeman* v. *Howe*, the same question was held to be involved respecting the extent to which Courts may go in the protection of their officers in the execution of process, and the rule laid down in *Freeman* v. *Howe* is approved.

The principle upon which the rule is founded is, that the property when seized by the officer of the Court to which jurisdiction has once attached, is in *custodia legis;* that the possession of the officer is the possession of the Court, and that pending the litigation, no other Court of merely concurrent jurisdiction can be permitted to disturb that possession.

The title not coming in question in the first instance—when the right of possession merely is contested—there is nothing to prevent the claimant from going into the Court whose jurisdiction has first attached as an intervenor in the case, and there establish, if he can, his paramount title to the property.

The point was made by counsel for appellant, in argument, that if the State Court was without jurisdiction to hold and litigate the property seized under the writ of replevin, it could only dismiss the case, and was without jurisdiction to proceed and render judgment for the return of the goods, or for value. The general rule relied upon in the argument is correct, that when a Court has ascertained that it is without jurisdiction in

the case, it can only dismiss for want of jurisdiction; but in cases like this, where the property has been wrongfully taken out of the possession of the officer of another Court, which held it rightfully at the time of the seizure, the case furnishes an exception to the general rule, and it is held in such case that the first officer must be placed in the same position, with respect to the property, in which he stood before he was wrongfully dispossessed, and the process of his Court unlawfully interfered with; otherwise such lawful process would not be fully protected. This very point is passed upon in the cases of *Feusier* v. *Lammon,* and *Booth* v. *Ableman,* cited *supra,* where it is held that in a replevin suit in a State Court against a Marshal for goods seized under a writ of attachment from a Federal Court, there is jurisdiction, if the property has been taken from the Marshal, to render judgment for a return of the property or its value.

In view of the authorities we have referred to, and without deeming it necessary to discuss the question involved beyond a mere statement of what we find to be the settled law upon the question, we must hold that the ruling of the Court below upon the demurrer was correct.

The demurrer admitted the jurisdiction of the Federal Court as set up in the answer, and the authority of the officer executing its process, under which he is held to have been protected in the seizure and possession of the goods.

A point was made by counsel for appellant that since appellee demurred to appellant's complaint in the Court below, the jurisdiction of the State Court was thereby admitted, and could not be afterwards denied by the answer; that the plea to the jurisdiction should have been first made, and that by demurring first to the complaint, appellee waived the right to set up a plea to the jurisdiction afterwards in his answer.

As to this point it is only necessary to say that the objection is not assigned for error, and, therefore, even if there is anything in it, it is too late for appellant to avail himself of it now as a ground of error in this Court.

The judgment of the Court below is affirmed, with costs, including the expense of printing the abstract, which was furnished by appellee, under Rule XVII of this Court.

*Judgment affirmed.*

## UPON MOTION FOR REHEARING.

STONE, J.   Rehearings are allowed, as a rule, only upon the presentation of some new matter or point, essential or pertinent to the decision, and which was not presented or was not considered in the hearing and decision of the case upon its determination.

The petition and brief for rehearing herein exhibit commendable labor in their preparation, containing, as they do, nearly forty pages of printed matter, and over one hundred and fifty citations of cases in support of the numerous propositions stated as reasons against the correctness of the decision of the Court heretofore rendered.

We are, however, compelled to say that we find no point made which is pertinent to the decision of the case, that was not fully considered and fairly covered in the opinion already announced.   The numerous cases cited by counsel in their brief for rehearing are, for the most part, in support of rules and propositions of law which are uncontroverted in our opinion, and many of them are altogether outside the case.

The point which seems to be most strenuously urged is, that the defendant in the Court below should have pleaded to the jurisdiction in the Court as his first step in the proceedings; that by demurring to plaintiff's complaint, he admitted the jurisdiction, and waived his right to plead to it afterwards, and we are treated to a dissertation upon the doctrine of common law pleading as laid down by the great authors of the text books therein.

But besides the circumstance that this point is altogether outside the assignments of error in the case, we must observe that counsel appear to have wholly misconceived the nature of the defense in the Court below.

Instead of being a technical plea to the jurisdiction—a plea in abatement, as counsel name it, and so treat it—the answer of the defendant is a plea in bar, the ordinary special plea of justification of an officer under a writ, etc.; a form of plea which counsel will find in the oldest text books upon common law pleading.   The question of jurisdiction which was raised by this answer, arose merely from the incidental circumstance

that the writ under which the defendant justified as an officer was issued from another Court of concurrent jurisdiction, and whose jurisdiction had first attached to the goods in controversy. The subject matter was already pending in the Court under whose process the officer justified, and the goods were, therefore, rightfully in the custody of the law when seized under the plaintiff's writ. These facts being admitted by plaintiff's demurrer to the answer, and being thereupon considered sufficient by the Court, the only question to determine being the admitted prior jurisdiction of the other Court, and the validity of its process under which the defendant took and held the goods, were sufficient to oust the jurisdiction of the Court below, not that that Court was without jurisdiction *otherwise*, but that the subject matter of the litigation was already *pendente lite* in a Court of competent jurisdiction, with rightful authority to assert the protection of its own officers in the execution of its process.

The plaintiff elected to stand by the demurrer, upon its overruling by the Court, and thereupon judgment was rendered for defendant, and for possession of the goods, or for value. The single question before this Court, presented by the record upon the error assigned, was the correctness of this judgment. We held it to be correct upon the authority of the highest Federal and State Courts, which announced the doctrine as settled; a doctrine acknowledged and observed by the English Courts in Lord Coke's time, and a doctrine which has been settled in this country for three-quarters of a century.

The authority and duty of the Court below to order a return of the goods to the Marshal out of whose possession they were taken by the sheriff, is a question we fully passed upon in our opinion heretofore given, citing therein, upon the very point, the cases of *Feusier* v. *Lammon*, 5 Nevada, 209, and *Booth* v. *Ableman*, 18 Wisconsin, 485.

A point is made by counsel for petitioner that there was no ascertainment by the Court below, upon evidence, to fix the amount of the value of the goods, as a basis for judgment for value on failure to return the goods to defendant. A sufficient answer to this objection is, that the record which the petitioner, as appellant, brings up to us contains nothing on this point,

except the recital in the judgment entry that if return of the goods cannot be had, "the said defendant do have and recover of and from the plaintiff the sum of three thousand, three hundred and thirty dollars and forty-three cents, the value of said goods and chattels."

Here is a specific sum fixed and stated in the judgment record as the value of the goods, which sum, being in odd numbers of dollars and cents, imports a calculation based upon some certain data as the means of ascertainment; and inasmuch as both the complaint of the plaintiff (the petitioner here), and the return of the sheriff to his writ specify the value of the goods as set forth in itemized schedules, to amount to the sum of $5,076.95, the plaintiff is not in a position to complain that the value fixed in the judgment is nearly $1,800 less than that fixed by himself.

In the absence of anything in the brief and petition before us to satisfy our minds that we erred in any of our conclusions in the decision of this case heretofore rendered, a decision which, indeed, assumed to go no further than to announce a settled rule upon the single question presented; and now, in deference to the zeal with which a rehearing is urged, after going over the whole case again with laborious consideration of all that counsel have presented, we must deny the rehearing prayed.     *Petition denied.*

*D. J. Haynes*, for appellant.

*S. P. Rose*, for appellee.