StoNE, J.
Where different Courts possess concurrent jurisdiction in respect of the same subject matter, as a general rule, that Court to which jurisdiction, by legal proceedings, has first attached, is entitled to proceed therein without interference by another Court. This rule applies as well between State and Federal Courts as between Courts of the same State.
The application of this rule is decisive of the question presented for determination in the case at bar.
A creditor of Freudenfelt & Jelenko, a failing firm in Lead-ville, sued the firm in the Circuit Court of the United States for the District of Colorado, out of which Court a writ of attachment issued, by virtue of which writ, Wilcox, the appellee, as United States Marshal for said district, seized the goods of the firm. An assignment had been made by the firm to Parks, *50 the appellant, who, as assignee, brought an action of replevin for possession of the goods against appellee, in the District Court of the State for the county of Lake, and the goods were taken from the possession of the U. S. Marshal under the writ of replevin. The answer of Wilcox to the complaint in re-plevin, justified the taking under the writ of attachment, reciting the proceedings in the Federal Court for its issuance, and averred the jurisdiction of that Court in the proceedings, and prayed judgment for the return of the goods. To this answer Parks demurred for insufficiency as a defense. The Court overruled the demurrer, and Parks elected to stand thereby. Thereupon the Court rendered judgment retorno habendo, or for the value of the goods, fixed at $3,330.40, and costs, if return be not made, etc., from which judgment Parks appeals to this Court.
The assignment of errors raises the sole question of jurisdiction.
This question is, we think, fully settled by the Supreme Court of the United States, as well as by several decisions of State Courts. The case of Freeman v. Howe, 24 How., 450, is nearly identical with that before us, and is directly in point. In that case, the U. S. Marshal, by virtue of a mesne process, issuing out of the U. S. Circuit Court for the District of Massachusetts, attached certain property, which was afterwards ta•ken out of his hands by a county sheriff under a writ of re-plevin sued out by the mortgagees of the property, and it was held upon the authority of the case of Taylor v. Carryl, 20 How., 583, that according to the course of decisions in the case of conflicting authorities under State and Federal process, and in order to avoid unseemly collision between them, the question as to which authority should for the time prevail, did not depend upon the rights of the respective parties to the property seized, whether the one was paramount to the other, but upon the question which jurisdiction had first attached by the seizure and custody of the property under its process.
In the case of Feusier v. Lammon, 6 Nevada, 209, it was held that where a replevin suit was commenced in a State Court against a U. S. Marshal for goods seized by him under attachment process from a United States Court, the State Court could *51 not extend its inquiry beyond the question of the validity of the Federal process, and if such process were valid, the question of title to the goods was irrelevant.
The Supreme Court of Iowa, in Ex parte Holman, 28 Iowa, 88, wherein the question is very ably and at great length discussed by Dillon, C. J., follow the rule laid down in Freeman v. Howe, supra, feeling themselves bound to follow the rule of decision of the Supreme Federal Court upon the question.
The same doctrine is also held by the Supreme Court of Wisconsin in the case of Booth v. Ableman, 18 Wis., 519, and by the Supreme Court of Illinois in Munson v. Harroun, 34 Ill., 422; and in Logan v. Lucas, 59 Ill., 237; see also The Ship Robert Fulton, 1 Paine, C. C., 620; and the case of Taylor v. Carryl, 24 Pa. St., 259.
In the case of Buck v. Colbath, 3 Wall., 335, the action against the Marshal was trespass, and while pointing out the inapplicability to the case of the rule in Freeman v. Howe, the same question was held to be involved respecting the extent to which Courts may go in the protection of their officers in the execution of process, and the rule laid down in Freeman v. Howe is approved.
The principle upon which the rule is founded is, that the property when seized by the officer of the Court to which jurisdiction has once attached, is in custodia legis; that the possession of the officer is the possession of the Court, and that pending the litigation, no other Court of merely concurrent jurisdiction can be permitted to disturb that possession.
The title not coming in question in the first instance—when the right of possession merely is contested—there is nothing to prevent the claimant from going into the Court whose jurisdiction has first attached as an intervenor in the case, and there establish, if he can, his paramount title to the property.
The point was made by counsel for appellant, in argument, that if the State Court was without jurisdiction to hold and litigate the property seized under the writ of replevin, it could only dismiss the case, and was without jurisdiction to proceed and render judgment for the return of the goods, or for value. The general rule relied upon in the argument is correct, that when a Court has ascertained that it is without jurisdiction in *52 the case, it can only dismiss for want of jurisdiction; but in cases like this, where the property has been wrongfully taken out of the possession of the officer of another Court, which held it rightfully at the time of the seizure, the case furnishes an exception to the general rule, and it is held in such case that the first officer must be placed in the same position, with respect to the property, in which he stood before he was wrongfully dispossessed, and the process of his Court unlawfully interfered with; otherwise such lawful process would not be fully protected. This very point is passed upon in the cases of Feusier v. Lammon, and Booth v. Ableman, cited supra, where it is held that in a replevin suit in a State Court against a Marshal for goods seized under a writ of attachment from a Federal Court, there is jurisdiction, if the property has been taken from the Marshal, to render judgment for a return of the property or its value. «
In view of the authorities we have referred to, and without deeming it necessary to discuss the question involved beyond a mere statement of what we find to be the settled law upon the question, we must hold that the ruling of the Court below upon the demurrer was correct.
The demurrer admitted the jurisdiction of the Federal Court as set up in the answer, and the authority of the officer executing its process, under which he is held to have been protected in the seizure and possession of the goods.
A point was made by counsel for appellant that since appel-lee demurred to appellant’s complaint in the Court below, the jurisdiction of the State Court was thereby admitted, and could not be afterwards denied by the answer; that the plea to the jurisdiction should have been first made, and that by demurring first to the complaint, appellee waived the right to set up a plea to the jurisdiction afterwards in his answer.
As to this point it is only necessary to say that the objection is not assigned for error, and, therefore, even if there is anything in it, it is too late for appellant to avail himself of it now as a ground of error in this Court.
The judgment of the Court below is affirmed, with costs, including the expense of printing the abstract, which was furnished by appellee, under Rule XVII of this Court.

Judgment affirmed.