## WILDE V. RAWLES.

1. ATTACHMENT — REPLEVIN — JURISDICTION.— A person whose property is wrongfully seized by a sheriff, under a writ of attachment from a county court, may maintain an action of claim and delivery against the sheriff in another county court of concurrent jurisdiction.

2. GOODS IN CUSTODY OF THE LAW.— This maxim applies only to cases where the seizure is rightful, and upon a valid and sufficient process.

*Appeal from District Court of Ouray County.*

Messrs. STIRMAN & CARPENTER, for appellant.

Messrs. BENEDICT & PHELPS, for appellee.

RICHMOND, C.   This was an action to recover certain goods and chattels which had been levied upon by appellee, sheriff of Ouray county, as the property of one Eva C. Meyer, but which appellant claimed to be the owner of.   Among other defenses, defendant claimed that, the property being held by virtue of an attachment writ issued out of the county court of Arapahoe county, the property was in the custody of the law, and therefore the plaintiff could not institute suit in another court of concurrent jurisdiction for the possession of the property. To this defense, known as the "fourth defense," plaintiff interposed a demurrer.   The demurrer was overruled, and plaintiff elected to stand by the demurrer.   Thereupon the court proceeded to determine the value of the property, and entered up judgment in favor of defendant for the return of the property.

It is conceded by both parties that the only question involved in this appeal is whether plaintiff can maintain this action for claim and delivery against the sheriff.

The contention of appellee is that the county court of Arapahoe county is a court of concurrent jurisdiction with the county court of Ouray county, in which this

suit was originally commenced, and that the plaintiff should have intervened in the suit out of which the attachment writ was issued. In support of this position he relies upon the case of *Parks v. Wilcox*, 6 Colo. 489.

The contention of appellant is that the plaintiff has an undoubted right to this remedy, in any court of competent jurisdiction, against the sheriff, and that the case of *Parks v. Wilcox* has no application whatsoever to the case at bar.

It is true that the opinion of the court in the above case strongly intimates that the doctrine that property attached by the United States marshal, by virtue of attachment writs issued out of the United States court, cannot be interfered with by proceedings in state courts, is applicable to courts of the state. This expression of the court went beyond the question actually before it for its investigation, and cannot, therefore, be considered as conclusive upon the point now under discussion, and it is very evident that this court does not adopt the conclusions of appellee deduced from the language of that opinion.

*Smith v. Bauer*, 9 Colo. 380, was a case involving precisely the same question, with one exception, as was presented in the case of *Parks v. Wilcox*, and the court in that case took occasion to caution parties referring to that opinion in the following language: "This opinion, it will be observed, makes no reference to cases of replevin brought by the owner in one state court for property wrongfully taken by the sheriff under writs of attachment or execution from another state court of concurrent jurisdiction." And the practice of instituting an action of replevin under circumstances similar to those in the case at bar has found sanction in *Tucker v. Parks*, 7 Colo. 62, and *Stone v. O'Brien*, 7 Colo. 458.

A thorough investigation of the California authorities satisfactorily establishes the practice in that state to be that, where the sheriff attaches the property of a stranger

to the proceedings, an action of claim and delivery will lie in the courts of that state, of competent jurisdiction, for the purpose of determining title to property. *Stephens v. Hallstead,* 58 Cal. 193; *Carroll v. Sprague,* 59 Cal. 655; *Norcross v. Nunan,* 61 Cal. 640.

In *Smith v. Montgomery,* 5 Iowa, 370, it was held that "if the property of A. is taken upon attachment or under execution against the property of B. it is exempt from such seizure, and A. may bring replevin." In *Miller v. Bryan,* 3 Iowa, 58, the trial court instructed the jury as follows: "If they find that defendant levied upon the property, and held it by virtue of his office as sheriff, they will find for the defendant." The supreme court, in reviewing this instruction, pronounced it wrong, and said: "In these cases the sheriff is a necessary, and yet really the nominal, party defendant. Those really interested are the attaching or execution plaintiffs; and to say that, if a sheriff levies upon and holds property by virtue of his office, no other person can maintain replevin against him, would be to virtually subject the property of A. to the payment of the debt of B. If this property had been taken by virtue of any legal process against Miller, and was not exempt from seizure thereon, this instruction might be correct; but a process against Stewart would not be a justification to the sheriff in attaching the property of Miller, and whether he did so attach the property of Miller, as already stated, was the controverted question." "When goods have been wrongfully seized by an officer upon process, and the owner desires to contest the validity of the seizure, the question arises, In what court shall his suit be brought? There may be a court competent to take jurisdiction over the subject-matter of the controversy, as well as the person of the defendant, within easy access, while the court from which process issued, upon which the wrongful seizure was made, may be distant and difficult of access. * * *

There appears to be no good reason why the court issuing the process behind which the officer assumed to shelter himself should alone have jurisdiction in such cases." Wells, Repl. § 272.

From the authorities cited and others we have examined it may be said that, if there is any principle of law which may be considered as entirely settled by a long series of uniform decisions in the courts, both at home and abroad, at common law and under the code practice, it is that he who, whether an officer of the law or otherwise, takes the property of another without authority, is a wrong-doer, and the taking is wrongful. The bare statement of the proposition carries its own proof with it, and cannot be made plainer by extended reasoning. The only innovation upon the rule, so far as our investigation shows, is the case of *Freeman v. Howe*, 24 How. 450, which is followed in this court in *Smith v. Bauer, Parks v. Wilcox, supra*, and others.

That replevin does not lie for goods in the custody of the law is an ancient maxim, the application of which, though, applies only to cases where the seizure is rightful, and upon a valid and sufficient process. "If an officer, in attempting to execute process of execution or attachment, by mistake or design takes goods not the property of defendant in the writ, or goods not lawfully subject to seizure on such writ, he is a trespasser and acquires no right to the goods seized, and the injured party may have replevin for their recovery, or may proceed against the officer in trespass or trover, at his election." Wells, Repl. §§ 243-245; *Stone v. Bird*, 16 Kan. 488.

An examination of the decisions in the various states having a code practice, with provisions similar to those contained in our code, shows that this practice is proper and expressly warranted.

The action of the court in overruling the demurrer to

the fourth defense of defendant was error.   The judgment should be reversed and the cause remanded for further proceedings.

PATTISON and REED, CC., concur.

PER CURIAM.   For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*