JOHNSON v. JONES.

1. WRONGFUL SEIZURE UNDER ATTACHMENT — REPLEVIN AGAINST SHERIFF.— Replevin against a sheriff for the wrongful seizure of plaintiff's goods under an attachment against another can be brought in any court of competent jurisdiction, and need not be brought in the court out of which the writ of attachment issued.

2. REFUSAL OF INSTRUCTIONS, WHEN PROPER.— It is proper to refuse to give instructions to the jury which are fully covered by other instructions given, and also proper to refuse instructions containing correct abstract propositions of law, but having no application to the issues being tried.

3. INSTRUCTION — PREFERRED CREDITOR'S KNOWLEDGE OF DEBTOR'S
   FINANCIAL CONDITION.— While the personal relations existing be-
   tween an insolvent debtor and a preferred creditor constitute a proper
   subject for the consideration of the jury in reaching a conclusion as
   to the knowledge possessed by the creditor of the debtor's embar-
   rassed condition, such knowledge is not a necessary inference to be
   drawn from the extent or character of their friendship. It is there- ·
   fore proper to refuse to instruct the jury that from the fact of their
   intimacy they may infer that the creditor knew of the debtor's con-
   dition.

4. ASSIGNMENT OF ERROR — VERDICT NOT SUPPORTED BY THE EVI-
   DENCE.— Where there was evidence upon which the jury could find
   the judgment rendered, whatever may be the opinion of the appel-
   late court as to the true merits of the case, the verdict will not be in-
   terfered with, unless it appears that they were actuated by passion
   or prejudice.

*Error to District Court of Jefferson County.*

Messrs. BULLOCK, HARDENBROOK & DIXON and Mr. M. B.
CARPENTER, for plaintiff in error.

Mr. H. N. SALES and Mr. I. R. HOWZE, for defendant
in error.

BISSELL, C. This was an action of replevin commenced
in August, 1883, by James Jones against the defendant
Johnson, who was the sheriff of Jefferson county, to re-
cover a quantity of stock and chattels which he had seized
under a writ of attachment. The attachment writ was
issued in a suit previously brought by one E. W. Tweedy
against L. W. Jones in the district court of Arapahoe county.
The plaintiff alleged title and a wrongful taking by the
sheriff. The sheriff justified and set up the pendency of
the attachment suit and his levy thereunder. The property
remained in the possession of the plaintiff up to the time of
the trial. The case was tried to a jury, and they found
that the plaintiff, James Jones, was the owner of the prop-
erty which had been seized, that he was entitled to its pos-
session, and had been damaged in the sum of $1. Upon
this verdict the proper judgment was entered by the court,

and the defendant Johnson sued out this writ of error. Only three errors are relied upon.

The first contention of plaintiff in error is that the district court of Jefferson county was without jurisdiction to entertain the suit. The whole argument is based upon the hypothesis that, as the suit in which the writ of attachment was issued had been commenced in the district court of Arapahoe county, no action could be brought in any other court of concurrent jurisdiction within the limits of the state, which would in any wise affect the possession of the property. The argument is based upon the case of *Parks v. Wilcox,* 6 Colo. 489, 600, where the principle for which he contends was applied to a case of seizure of property by a federal marshal, and the subsequent institution of a suit against that officer in a state court by a person who claimed title. Neither the case nor the principle has any application whatsoever to the controversy here. Since the judgment in this case was rendered, this question has been put at rest in this state, and the principle controlling actions of this description within this jurisdiction has been declared and illustrated by an able and exhaustive opinion, containing a review of all authorities, in the case of *Wilde v. Rawles,* 13 Colo. 583. In that case the court decided that wherever the goods of one not a party to the action were seized by the sheriff, the owner had an undoubted remedy against the sheriff as a wrong-doer. The court said "that if there is any principle of law which may be considered as entirely settled by a long series of uniform decisions in the courts, both at home and abroad, at common law and under the code practice, it is that he who, whether an officer of the law or otherwise, takes the property of another without authority, is a wrong-doer, and the taking is wrongful."

Proceeding upon this hypothesis, the court established the doctrine that the action for the wrongful taking might be brought in any court of competent jurisdiction. It therefore follows that the contention of the plaintiff in error that the court was without jurisdiction cannot be maintained.

Error is likewise predicated upon the refusal of the court to give three specified instructions. As to one of them, the response is that the subject-matter of the instruction was fully covered by the instructions which the court gave in the cause. As to another, it might be said that, while the instruction embodied a correct abstract proposition of law, it was of no practical application to the issues being tried before the jury, nor would it have aided them in reaching a correct verdict in the case. This being true, it was not error for the court to refuse to give it. While with equal propriety it might have been read, the refusal manifestly did the defendant no harm. The third and last instruction which the plaintiff in error claims ought to have been given by the court does not accurately express the law which controls this class of actions. The instruction asked, in. terms, is: "Although the law permits an insolvent debtor to make choice of whom he will pay, it denies him the right in doing it to contrive that the other creditors shall never be paid, or to use the debt to delay, hinder or embarrass the other creditors in the enforcement of their demands, if the grantor and the grantee be intimate; from this fact it may be inferred that the grantee knew the former's condition." It is evident that a condition is attached to the legal principle which is here sought to be stated, which can never determine its applicability in any case. While it may be true that the permission which the law gives to an insolvent debtor to make choice of the creditor who shall receive his money is coupled with the condition that it shall not be exercised for certain specified purposes which the law declares to be fraudulent, the right is never hampered by the relations which may exist between the debtor and the creditor; their intimacy is no limitation upon the right which the law gives. It may be true that the jury would have a right to take into consideration the relations existing between the parties in reaching a conclusion as to the knowledge possessed by the creditor of the debtor's financial straits, but that knowl-

edge is not a necessary inference to be drawn from the extent or character of their friendship. It was a proper subject for the consideration of the jury, but to have instructed them to draw the inference would have been error, and the instruction, therefore, was properly refused.

The only other error insisted upon is that the verdict of the jury was not supported by the evidence. This error assigned simply calls for the reiteration of the rule which has long been established in the state, and always repeated wherever the question is raised, viz., that the court will never interfere with the verdict of a jury unless " upon the whole record it appears that the jury acted so unreasonably in weighing testimony as to suggest a strong presumption that their minds were swayed by passion or prejudice, or that they were governed by some motive other than that of awarding impartial justice to the contending parties." *Green v. Taney*, 7 Colo. 278; *Barker v. Hawley*, 4 Colo. 327; *Lebanon Min. Co. v. Consolidated Republican Min. Co.*, 6 Colo. 372.

Under this rule the judgment in this case cannot be disturbed. There was abundant evidence upon which the jury could find the verdict which they rendered, and, whatever may be the opinion of the court as to the true merits of this case, it must be controlled by the verdict of the jury when it is abundantly supported by competent testimony. The judgment should be affirmed.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*