16  165
10a 172

## CARPENTER V. INNES.

1. REPLEVIN AGAINST AN OFFICER.— Replevin will lie in any state court of competent jurisdiction, in favor of the owner of goods seized by an officer on a writ against a third person, in an attach·· ment suit pending in any other court of the state.
2. PROCESS NOT ALWAYS A PROTECTION TO AN OFFICER.— When the evidence in a replevin suit establishes the fact that an officer has taken property which did not belong to the person against whom his process ran, the taking was wrongful and the process affords him no justification.

*Error to District Court of Mesa County.*

Messrs. BUCKLIN, STALEY & SAFLEY and Mr. BYRON MILLETT, for plaintiff in error.

Mr. RICHARD A. THOMPSON, for defendant in error.

BISSELL, C. This was an action begun in June, 1885, in the county court of Mesa county, to recover of the defendant, Innes, the possession of certain personal property said to have been wrongfully taken by him and withheld from the plaintiff, with damages for the taking and detention.

The defense interposed was a justification by the defendant under a process of attachment issued out of the county

court of Arapahoe county, in a suit by W. A. Hover & Co. against one J. C. Kennedy. The goods in controversy were in the possession of the plaintiff, Carpenter, but had been seized by the sheriff under the attachment issued against defendant Kennedy in the other suit.

Upon the trial in the county court the issues were found for the defendant sheriff, and from that judgment an appeal was taken to the district court. When the case came on for trial in that court a stipulation was filed by the attorneys for the respective parties, setting up the doubt that existed as to the jurisdiction of the court in an action of replevin brought against an officer who had taken goods under a writ issued against a third person, and stipulating that the sole question which should be tried at that time should be the one relating to the jurisdiction. The stipulation reserved all other questions for ultimate determination. Under this stipulation the hearing was had, and testimony was introduced which established the pendency of the other suit, the seizure by the sheriff of the goods claimed by the plaintiff, and evidence was tendered to show the plaintiff's ownership and title. The record was permitted to be offered, but proof of title was rejected.

The decision was rendered upon the hypothesis that the property was *in custodia legis*, and followed what was erroneously supposed to be the rule laid down in *Parks v. Wilcox*, 6 Colo. 489.

Since this decision by the district court, however, the precise question involved has been adjudicated by this tribunal. The rule has been established that replevin will lie in any state court of competent jurisdiction in favor of one who is the owner of goods which had been seized by the sheriff, or any other officer, upon a writ against a third person, where the suit in which the writ issued has been brought in any other of the courts of the state. The decision proceeds upon the principle that the taking by the officer is without authority, and wrongful, and that the process will afford him no justification if the proof estab-

lishes that he had taken property which did not belong to the person against whom the process runs. *Wilde v. Rawles*, 13 Colo. 583.

Under this authority it is evident that the decision of the court, holding that it was without jurisdiction, was erroneous, and that the case must be reversed for further proceedings.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*