Thomson, J.,
delivered the opinion of the court.
Appellee recovered judgment against appellant, a railroad corporation, for the destruction of certain property by fire, alleged to have been ignited from an engine operated and managed by appellant. Appellant objects to the act of March 31, 1887, (Session Laws, 1887, page 368,) under which this action was brought, as being in violation of the provisions of the constitution of the state; but the objection is not seriously urged. The constitutionality of the act was upheld by the supreme court in U. P. Railway Co. v. DeBusk, 12 Col. 296; and this court followed the decision in that case in U. P. Railway Co. v. Arthur, 2 Col. App. 159. The only tribunal in this state having jurisdiction in the matter of the construction of constitutional provisions having passed upon the question, it is not open for argument in this court. The principal errors relied upon for a reversal of the judgment relate to the admission of testimony in behalf of appellee, and the failure of the court to instruct the jury that contributory negligence on his part would preclude his recovery. The latter question was disposed of in U. P. Railway Co. v. Arthur, supra, where the court say: “ We are at a loss to see how the doctrine of contributory negligence can be invoked as a defense, where there is no law requiring precautionary action on the part of the party damaged, and no question of negligence on the part of the corporation can be made or adjudicated.” Of course if a party should knowingly or purposely place his property in a situation where sparks from a passing engine would be likely to ignite and burn it, he could not recover in case of its destruction. But such an act would scarcely come within the definition of contributory negligence ; it would be a fraud from which its author would not be permitted to derive an advantage. Nothing of this kind is, however, claimed here. The appellant introduced no evidence ; the testimony for appellee discloses no negligence on *528 Ixis part; and as the liability of the appellant is fixed by the statute, irrespective of any negligence of its own ; and as any negligence of the owner of the property is not to be considered, unless it comes within the doctrine announced in D. & R. G. R. Co. v. Morton, ante, 155, where it was shown that the owner, being present, suffered his property to remain in dangerous proximity to a fire in actual progress, without any effort to remove or protect it, — there was no room for the instruction suggested, and the giving of it would have been error.
The objections to the testimony go to the competency of tire witnesses to testify as to values. The property destroyed was two and three fourths tons of bleached bones, one set of double harness, one wagon, one ton of hay, one hay-rack and two horses. There was no market for the kind of bones burned, short of St. Louis or Chicago. These bones had been collected by appellee for shipment to market. He had kept himself advised of their value in Chicago. These were cutlery bones; he knew their price for the past three years, and had quotations from the cutlery manufactory at Chicago after the fire. He also knew the cost of transportation to Chicago, and fixed their value by deducting this cost from the Chicago price. As there was no home market for the bones, we do not very well see how their value could have been fixed by any other method. The horses and wagon had been used for some time. There was no general market for secondhand articles of that description. There was no place in the vicinity where they were bought and sold. Appellee had them for his own use. The only way to sell them was to find a man who wanted them. They had a value, notwithstanding there was no market for them. It will not do to say that because such things are not bought and sold in the market, and a market value is therefore not susceptible of proof, they can be destroyed, and the owner receive nothing for them. The witnesses were men who bought and used such things in their business of farming, and based their judgment on their practical knowledge ; the original cost of *529 the articles, the amount of use to which they had been subjected, and their condition at the time, were taken into the consideration, and in this way the witnesses reached an estimate of their value. We are not disposed to say that because there was no market value which could be proven, therefore appellee should recover nothing; and in the absence of such proof, for the reason that it could not be made, we think that the testimony which was given was competent and proper for the purpose for which it was offered. State Ins. Co. v. Taylor, 14 Col. 499; Mouat Lumber Co. v. Wilmore, 15 Col. 136.
The hay-rack was new. The appellee bought the material and made it himself, and to suit himself. It is not probable that he could have sold it for a fraction of what it cost. There was no person engaged in the business of dealing in such things, and so he very properly added the cost of the material to the value of his labor in making it, and gave the sum total as the value of the hay-rack. He raised the alfalfa on his farm ; it was one of his crops, and he is presumed to know its value. Appellee testified that he knew the value of horses at the time these were burned. He was not a horse trader, although he had traded in horses in a limited way; he was fond of horses, and these were for use on his farm. He had seen horses bought and sold, both at private sale and auction. We think that as the owner of the horses, he laid a sufficient foundation to enable him to testify as to their value. Other witnesses who stated that they were acquainted with the value of horses at the time corroborated him. The appellant was probably not dissatisfied with his valuation of any of the property, because it offered no evidence, and made no effort to reduce such valuation.
On a review of the entire case, we are unable to discover any reason why the judgment should be reversed, and it is therefore affirmed.

Affirm, ed.