[No. 1234.]

HANNAN v. CONNETT.

1. PRACTICE.
When the property of a party is seized under writ of attachment against another party, the owner is not confined in his remedy to intervention in the attachment suit. He may intervene or he may bring suit in replevin or trover for conversion.

2. ATTACHMENT—MEASURE OF DAMAGE.
The measure of damage for wrongfully attaching one's property was the value of the property at the time of the seizure and conversion, and interest.

3. EVIDENCE—VALUE—CONDITION OF PROPERTY.

In a suit for damages for the wrongful seizure and sale under attachment of property consisting of furniture, household goods and clothing, where plaintiff testified as to the value of the property and to the original cost of many of the articles, it was error to refuse to allow the defendant to prove the condition of the property at the time of its seizure.

4. PRACTICE—ASSIGNMENT OF ERROR.

An assignment of error as follows : " That said court erred in refusing to admit material and proper testimony offered on behalf of the defendant below, to which refusal said defendant by counsel excepted," was broad enough to embrace all erroneous rulings of the trial court in refusing to admit testimony, and was a sufficient compliance with Rule 13, when counsel in their printed briefs called special attention to the testimony upon the rejection of which they relied as error.

*Error to the District Court of Arapahoe County.*

Mr. JOHN A. DEWEESE, Mr. J. GRATZ BROWN and Messrs. ROGERS & STAIR, for plaintiff in error.

Mr. GEO. A. SMITH, for defendant in error.

WILSON, J., delivered the opinion of the court.

This was an action in trover, wherein plaintiff sought to recover damages for the seizure and sale under attachment and judgment in favor of defendant and against plaintiff's husband, of certain furniture, clothing and household goods alleged to have been the sole property of plaintiff. Verdict and judgment were in favor of plaintiff, and defendant prosecutes an appeal.

The rule is well settled in this state, that when the property of another is unlawfully seized under a writ of attachment, the owner is not confined in his remedy to intervention in the attachment. He may intervene if he so desires, or he may bring suit in replevin or in trover for conversion. *Wilde v. Rawles*, 13 Colo. 583 ; *Carpenter v. Innes*, 16 Colo. 165.

The plaintiff has a right therefore to maintain this action.

Upon the trial defendant sought to prove the condition of the property at the time of its seizure, but the witnesses, upon objection of plaintiff were not permitted to answer the questions propounded for this purpose. The refusal to admit this testimony was material error and necessitates the reversal of the judgment in this case and the granting of a new trial.

If plaintiff was entitled to recover in this action the measure of her damages was the value of the property at the time of its seizure and conversion and interest and this rule was correctly stated by the court in its instructions. *Schluter v. Jacobs*, 10 Colo. 449; *Sutton v. Dana*, 15 Colo. 100; *Sylvester v. Craig*, 18 Colo. 48.

In determining the value of the property at a given period its condition at such a time was an important and material question. If it were worn or damaged the natural presumption is that the value would not be so great as when it were new. The jury had been told by witnesses for the plaintiff what had been the original cost of many of the articles and it would seem that they should certainly have been entitled to know also the condition of the articles as to wear and tear, damage, usage, etc. Especially is this true where, as in the case at bar, it appears, that the articles seized had been owned by plaintiff for a long time, were of that character which would naturally be subject to daily use by a family, had been used, and had been several times stored and transported long distances by rail. Without this information as to condition, the jury, in determining the value of many of the articles, could have had no guide except the original cost price. *Mouat Lumber Co. v. Wilmore*, 15 Colo. 140; *U. P., D. & G. Ry. Co. v. Williams*, 3 Colo. App. 528.

It is contended by plaintiff that defendant not having made an offer to introduce any testimony as to the value of the property is not in a position to complain of the rejection of the testimony as to its condition.

This might be true ordinarily but in this case the plaintiff had already attempted to prove value by giving the original

cost price, and had offered testimony as to the condition of many of the articles at the time of the seizure. This of itself would have made evidence on the part of the defendant as to the condition of the property at the same time clearly admissible, even though he made no attempt to prove value otherwise.

It is a self-evident proposition, that it is essential to know the condition of property of the kind in question in order to estimate its value. Its condition is the most material element of its value. It may properly be said therefore that in attempting to show the condition of the property the defendant was attempting to prove its value.

It is also urged by plaintiff that the objection to the ruling of the trial court in this particular cannot be considered under any assignment of error presented. The third assignment of error is as follows:

" That said court erred in refusing to admit material and proper testimony offered on behalf of the defendant below, to which refusal said defendant by counsel excepted."

It is contended by counsel that this is too general to permit a review in this court of the ruling in question made by the trial court.

In support of this position Rule 13 of this court is cited and also several adjudications of the court and of the supreme court under a similar rule. The rule was not intended to absolutely preclude this court from reviewing under such a general assignment all rulings of the trial court in refusing to admit testimony alleged to be material and proper. The object and intent of the rule is to compel counsel to specifically call to the attention of the court the errors upon which they rely, so that the court may be relieved of the necessity of wasting its time in searching through voluminous records.

It is well known as a frequent practice in *nisi prius* courts, that counsel object to every ruling made against them having no time in the hurried trial of a cause to fully determine what ruling is open to most serious question. In preparing the case for appeal however many of these objections will be

recognized as unsound or the point sought to be made will be found to be more fully covered by others.

It would be therefore a useless waste of time to impose upon an appellate court, the labor of extracting from a voluminous record and considering numerous rulings of the trial court as to the admissibility of evidence the objections to which counsel have themselves abandoned as untenable.

The third assignment of error was broad enough to embrace all erroneous rulings of the trial court as to the admissibility of testimony. In such case the purpose of the rule is fully subserved, and the rule itself complied with when counsel in their printed briefs or arguments, as they did in this instance, call the attention of the court specifically to the testimony upon the rejection of which they rely as error.

For the error in refusing to admit material and competent testimony the judgment will be reversed and the cause remanded for a new trial.

*Reversed.*