Munson *v.* Harroun.

## PARNELL MUNSON
## *v.*
## ALVIA HARROUN.

1. JURISDICTION — *as between State and federal courts.* Property levied on by a marshal, under a writ of *fieri facias* issued by the Circuit Court of the United States, cannot be lawfully replevied by process issued from a State court.

2. A State court will not interfere with the execution of final process from the federal court for the protection of a stranger alleging that his property had been tortiously seized in execution to satisfy the debt of another.

WRIT OF ERROR of the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of replevin brought at the November term, 1861, of the Circuit Court of Iroquois county, by the defendant in error against the plaintiff in error. The plaintiff in error justified the taking, under an execution issued by the Circuit Court of the United States for the northern district of Illinois, against one Wright, and the validity of the plea is the only question considered by the court.

Messrs. HOYNE, MILLER & LEWIS, for the plaintiff in error.

Mr. CHESTER KINNEY and Mr. JAMES FLETCHER, for the defendant in error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

Munson, as deputy marshal, under a writ of *fieri facias* from the Circuit Court of the United States, for the northern

district of Illinois, against the property of Wright, seized certain goods claimed by Harroun, who thereupon brought replevin in the State court.

We are of the opinion that the State court cannot lawfully interfere with the execution of final process of the federal court, at the instance and for the protection of a stranger alleging that his property has been tortiously seized in execution to satisfy the debt of another.

The question involved is not a new one; but if it were, we should have no difficulty in deciding it. The State and Federal governments, while they are distinct parts of a complete system, are each supreme within the limits of the authority confided to them; each government is possessed of a judiciary power commensurate with its own objects and purposes, and partaking of its supreme authority; and the exercise of the judicial power in each is confided to the tribunals of the respective governments.

These tribunals are invested with the general as well as incidental powers necessary to the complete administration of justice; among these is the power of executing the final process of the court, whereby the execution is made the life of the law. And, in order that all conflict between the two judicial systems touching the right of either to administer justice and execute its process to the exclusion of the other might be avoided, the ultimate power of determining the boundary line between the two jurisdictions was constitutionally vested in the courts of the United States, and their decision on that subject is conclusive.

Thus the judicial departments of the respective governments, so organized and adjusted with reference to each other, can never come in conflict while exercising only the authority rightfully belonging to them; and as a consequence, except in cases of appellate jurisdiction from the State to the Federal courts, the courts of neither can have any right to interfere with or control the proceedings or process of the other. *Diggs* v. *Walcott,* 4 Cranch, 178; *Peck* v. *Jenness,* 7 How. 612; *Freeman* v. *Howe,* 24 id. 450.

While the property claimed by Harroun yet remained in the custody of the marshal who had seized and was holding it on final process out of the federal court, that court, so far as reaching the property itself, had the exclusive authority to inquire into and determine the question of the rightfulness of such custody, upon which the proper execution of its process depended. Had the defendant in error sought relief in that court while the property was thus held, he could have been protected in all his rights; if he did not choose to adopt that course, he still had his action of trespass or trover in the State court against the marshal or his deputy for the wrongful seizure. But since replevin would work an interference with the process of the federal court, that action cannot in such case be maintained.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice Breese dissented.