WILLIAM M. LOGAN

*v.*

HARVEY B. LUCAS *et al.*

| 59 | 237 |
| 123 | 669 |
| 59 | 237 |
| 127 | 405 |
| 59 | 237 |
| 66a | 614 |
| 59 | 237 |
| 208 | 3632 |

1. STATE AND FEDERAL COURTS—*neither can interfere with the process of the other.* The State courts can not enjoin proceedings in the courts of the United States, nor the latter in the former courts.

2. The defendant in an execution issued upon a judgment rendered in the circuit court of the United States, upon bill filed in a State court, sought to enjoin, not directly, the plaintiff in the judgment, or the United States officer charged with the execution, but only a third person, who, it was alleged, caused the execution to be issued, and controlled the same, and asked that he might be restrained from any further action in respect to the

execution, or in the collection of the judgment, and that he be required to command the officer having the execution, to take no further proceedings under it. This was regarded as an attempted interference with the execution of process from a United States court, and within the rule prohibiting such interference by a State court.

3. CHANCERY—*whether a bill will be retained after its principal purpose has failed.* Where a bill was filed for the purposes of an injunction, and also asked an accounting between partners, but the bill showed there had already been a settlement between the partners and a balance due the complainant agreed upon, it being determined the injunction would not lie, it was *held,* the bill could not be retained for the mere purpose of compelling the payment of the balance struck on the settlement between the partners, the complainant having an adequate remedy at law therefor, and there being no allegation of fraud or error in the settlement as a ground for equitable cognizance.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. J. M. DURHAM, for the appellant.

Mr. JOHN PATE, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

It is a well recognized doctrine, that the State courts can not enjoin proceedings in the courts of the United States, nor the latter in the former courts. 2 Story's Eq. Ju. sec. 900; *Munson* v. *Harroun,* 34 Ill. 422.

Although the bill in this case does not seek to enjoin, directly, R. W. Booth & Co., the plaintiffs in the judgment in the United States Circuit Court, upon which the execution issued, or the United States officer charged with the execution, but only the appellees, Harvey B. & Luna Lucas, yet the bill alleges, that the appellees caused the execution to be issued, and that they control it, and asks that they may be restrained from any further action in respect to the execution, or in the collection of the judgment, and that they be required to command the officer having the execution, to take no further proceedings under it.

This must be regarded as an attempted interference with the execution of process from a United States court.

Apparently, aside from the allegations of the bill, R. W. Booth & Co., the plaintiffs in the judgment in the circuit court of the United States, were proceeding in the collection of their judgment for their own benefit, by a writ of execution—they might properly resort to the aid of the appellees, or either of them, in the matter—and to restrain the exercise of such agency, interferes to that extent with the execution of the process.

On the showing of the bill, the judgment had been paid by Lucas, the co-defendant of Logan, and on motion of Logan, before the court which rendered the judgment, that court might have set aside the execution, and caused satisfaction to have been entered of record of the judgment. *Russell* v. *Hugunin et al.* 1 Scam. 562. 'This, or any other proper relief, in full, that court was entirely competent to administer ; and the application of the appellant should have been there, rather than to a State court, for redress.

So far as the bill for an injunction was concerned, it was rightly dismissed.

Should it have been retained for any other purpose ?

There is an allegation in the bill, that there has never been any final settlement between the parties, of their partnership matters, and that, upon a fair settlement of them, there would be due the complainant, in his opinion, $4,000 or thereabouts ; and the bill prays that a final account may be taken of all the partnership matters.

The partnership was in a retail mercantile business, in the town of Richview, in Washington county, in this State, commencing in 1856, and continuing till March, 1858, when it was discontinued, and the bill alleges the partnership effects were turned over to the control of Lucas, he agreeing to pay all the debts of the firm, and that there was a balance struck of the partnership matters, and it was estimated there was then due the complainant the sum of $1,664, or thereabouts.

Notwithstanding the general allegation, that there had never been any final settlement of the partnership matters, it would appear, from other parts of the bill, that there had been a settlement, and the balance due the complainant, found ; and as no fraud or error is suggested in the finding of it, but on the contrary it is made a cause of complaint, that Lucas has not paid the sum of $1,664, the balance found due, thereby showing it to be relied on as a balance struck, no case is made by the bill for the taking of an account. The real causes of complaint, beside the judgment and execution in question, seem to be the non-payment of this sum of $1,664, and the partnership debts, according to the agreement of Lucas. But, for the non-payment of this sum, and the violation of Lucas's agreement in not paying the partnership debts, the complainant has a sufficient remedy at law.

We are of opinion the bill was rightly dismissed, and the decree of the court below is affirmed.

*Decree affirmed.*