Hannebutt v. Cunningham.

# FERDINAND HANNEBUTT
## v.
# ROBERT H. CUNNINGHAM.

REPLEVIN—PROPERTY IN CUSTODY OF UNITED STATES MARSHAL.—A plea that the property replevied was held by the United States Marshal by virtue of a writ of execution issuing out of the Circuit Court of the United States, presents a complete defense as to the jurisdiction of the State court over the subject-matter in the replevin suit.

ERROR to the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. W. C. KUEFFNER, for plaintiff in error; that the State courts cannot interfere with the process of the Federal courts, cited Munson v. Harroun, 34 Ill. 422.

Property once levied upon is in the custody of the law, and cannot be taken by another execution: Hogan v. Lucas, 10 Pet. 403; Taylor v. Caryl, 20 How. 583; Freeman v. Howe et al. 24 How. 453.

Courts will, at any stage of the case, take notice of want of jurisdiction over the subject-matter: Foley v. The People, Breese, 57; Leigh v. Mason, 1 Scam. 249; Ginn v. Rogers, 4 Gilm. 131.

A chattel mortgage, to be valid, must be acknowledged before a justice of the peace of the precinct where the mortgagor resides: Rev. Stat. 711, § 2.

The sheriff or marshal has power to appoint a special deputy to serve process: Guyman v. Burlingame, 36 Ill. 201; Dungan v. Hall, 64 Ill. 254.

Messrs. GREEN & GILBERT, for defendant in error; that the plea was a plea to the jurisdiction of the person, and came too late after plea in bar, cited 1 Chitty's Pl. 477; 3 Johns. 105.

Where property of B. is held by a United States Marshal by an ordinary execution, B. can maintain replevin therefor in the State courts: 1 Kent's Com. 452; 14 Gray, 566; 6 N. J. Law, 370; 3 Martin (La.) 602; 2 Curtis, 465; 1 Curtis, 311.

Pleadings are construed most strongly against the pleader: Dana v. Bryant, 1 Gilm. 104; People v. Gray, 72 Ill. 343.

General ownership of property is not necessarily determined in replevin, but the right of possession is: 18 Ill. 83; 1 Chitty's Pl. 187.

TANNER, P. J. This was an action of replevin instituted in the Randolph Circuit Court, by the defendant in error, and the writ was levied upon certain property in the possession of the plaintiff in error. The plaintiff in error filed four pleas, the first and second being *non cepit* and *non detinet*, and upon which issue was joined. To the third and fourth pleas the defendant in error interposed a general demurrer, which the court overruled as to the third plea, and sustained as to the fourth plea. The plaintiff in error excepted to the ruling of the court in sustaining the demurrer to the fourth plea, and

Hannebutt v. Cunningham.

elected to stand by the plea. The substantial portion of his plea sets forth, that on the 6th day of June, 1877, August Rode and Gerhard H. Barth, as surviving partners of the firm of A. Rode & Co., recovered in the Circuit Court of the United States for the Southern District of Illinois, a judgment for $2,464.76 and costs, against Matthew and Thomas Donohoo; that an execution was duly issued on this judgment, directed to the United States Marshal of said District; that the defendant, Hannebutt, as the legally appointed special deputy of said marshal, levied said execution on the property in controversy on the 10th day of July, 1877, and, that at the time of the commencement of this suit, and the levy of the writ of replevin therein, the said goods were in the custody of said marshal, holding custody by the defendant, Hannebutt, and and that by virtue of said levy, the said marshal acquired such a special property in said goods, etc., as cannot be questioned in this court. It is only necessary to notice the first error assigned, which is, that the court erred in sustaining the demurrer to the fourth plea.

It is insisted in support of the ruling of the court in this respect, that the plea was to the jurisdiction of the court over the person of the plaintiff, and therefore its advantage as such was lost, by the order in which it was presented. This view is unsound. The action is replevin and the controversy arose upon the right to the possession of the property taken under the writ. The plea, therefore, raises the question of jurisdiction over the subject-matter of the action, rather than to the person. The rule is that at any stage of the proceedings a discovery of a want of jurisdiction over the subject-matter, requires the court to dismiss the suit. The sufficiency of the plea is also questioned by the defendant in error; but we are disposed to regard the plea as clearly showing that the property at the time it was taken under the writ of replevin, was in the possession of the marshal of the United States, under and by virtue of an execution, issued from the Circuit Court of the United States for the Southern District of Illinois, and, therefore, presented a complete defense as to the jurisdiction of the court. This is not an open question; it was settled by the

Supreme Court of our State, in the case of Munson v. Harroun, 34 Ill. 422. That case was in all respects, the same as the one now before us, and the right of the State courts to obstruct the officers of the United States in the execution of final process from its courts was raised by plea, in the same manner as in this. Therefore, in accordance with the decision cited, we hold that the court erred in sustaining the demurrer to the fourth plea, and for this reason the judgment is reversed and the cause remanded.