Martina Sproehnle *et al.*

*v.*

Henry S. Dietrich.

*Filed at Ottawa May 19, 1884.*

1. Conflict of jurisdiction—*between State and Federal courts— abuse of process.* A bill will not lie in the State courts to set aside a sale of land on execution issued upon a judgment in the Circuit Court of the United States, and have the marshal's certificate of purchase declared void, and a cloud upon the complainant's title, and to have the same delivered up for cancellation. The remedy in such a case is in the Federal court, to avoid any conflict of jurisdiction.

2. The Federal courts are the proper tribunals to apply to for redress when there has been an abuse of their process. This is the better rule, certainly, so long as anything remains to be done by those courts, or any of their officers, to carry into effect the object and purposes of the litigation commenced in them.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. George Gardner, Judge, presiding.

Mr. Francis Lackner, and Mr. Axel Chytraus, for the appellants :

Neither the judgment of the Federal court, nor the execution issued thereon, is sought to be set aside. All that is asked is to have the sale and certificate of purchase set aside, on the ground that the execution debtor had no interest in the property at the date of the judgment, or at any time since, complainants being all this time absolute owners of the property.

The marshal was not, by the writ, directed to sell this property, or any other, specifically. He sells what he can find, the purchaser not becoming a party to the proceedings as in a judicial sale. Rohrer on Judicial Sales, sec. 28.

We contest only with the execution purchaser, and he must take care of himself. He takes only the title of the debtor. Rohrer on Judicial Sales, sec. 923.

The suit in the Federal court, where the judgment was rendered and execution issued against Francis A. Sproehnle, being ended, that court is through with the matter. The character and authority of its officers being admitted, it will not interfere, although the title conveyed at the sale by its officers is subsequently involved. *Day* v. *Gallup*, 2 Wall. 97.

Whenever the litigation is ended or the possession of the officer or court discharged, other courts are at liberty to deal with the property according to the rights of the parties before them. *Buck* v. *Colbath*, 3 Wall. 334. See, also, *Merchants' Bank* v. *Evans*, 51 Mo. 335; *Bruce* v. *Leary*, 55 id. 43.

Mr. JOSIAH H. BISSELL, and Mr. JAMES R. MANN, for the appellee:

This case comes strictly within the principle that one court will not interfere with the officers, process or proceedings of another court of concurrent jurisdiction, which principle is distinctly affirmed in the case of *Logan* v. *Lucas*, 59 Ill. 237. See *Munson* v. *Harroun*, 34 Ill. 422.

Persons claiming one title to real estate can not, by bill in the State court, prevent the sale of another and adverse title by the marshal of the United States court, which is essentially what is sought to be done by this bill.

The cases cited from Missouri were cases in which the marshal had made his deeds, and have no application here; and neither does that of *Day* v. *Gallup*, 2 Wall. 97. In *Buck* v. *Colbath*, 3 Wall. 344, the plea on which the marshal relied contained no denial that the property seized was the property of the plaintiff, nor any averment that it was the property of either of the defendants in the attachment suit, nor that it was in any other manner subject to be taken under that writ.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The appellants, on the 6th of April, 1883, filed in the Superior Court of Cook county the present bill, by which it is sought to remove an alleged cloud upon the title of lot 71, block 90, school section addition to Chicago, making Henry S. Dietrich, the appellee, defendant thereto. The bill shows that this property originally belonged to Francis A. Sproehnle, the late husband of appellant, Martina Sproehnle; that in 1870 Mrs. Sproehnle filed a bill in the Superior Court of Cook county, against her husband, for a divorce; that by virtue of the decree rendered in that case she acquired title to the property in question, subject to certain trusts, not necessary to be here noticed, and that she and her co-complainants are now, by virtue of said decree, the legal and equitable owners in fee of said premises; that the premises in question, in July, 1882, were sold by the United States marshal, to appellee, by virtue of an execution issued upon a judgment in favor of one James K. Murphy, and against the said Francis A. Sproehnle, rendered in the United States Circuit Court for the Northern District of Illinois, at its December term, 1873; that the marshal, in pursuance of said sale, issued to appellee a certificate thereof, which was duly recorded on the 19th of July, 1882; that appellee claims to have a lien on the premises by virtue of such certificate, and threatens to have executed and delivered to him a marshal's deed for said premises when the time for redemption expires; prayer that the certificate of sale be set aside and declared void as against complainants, and a cloud upon their title, and that the same be delivered up for cancellation. The Superior Court sustained a demurrer to the bill, and the complainants electing to stand by the bill, the court entered an order dismissing the same, which order, on appeal to the Appellate Court for the First District, was affirmed, and the judgment of affirmance by that court is now before us for review.

In *Munson* v. *Harroun*, 34 Ill. 422, it appeared that Munson, as deputy marshal, under a writ of *fieri facias* issued out of the Circuit Court of the United States for the Northern District of Illinois, against one Wright, seized certain goods claimed to belong to Harroun. The latter thereupon brought replevin against the deputy marshal for the goods, and it was held the action would not lie,—not because the execution against Wright afforded the officer any protection in seizing under it the property of Harroun, but simply to avoid complications that would almost inevitably arise if State courts should, for any reasons, attempt to interfere with the process of the Federal courts. In such cases the Federal courts are the proper tribunals to apply to for redress where there has been an abuse of their process. Such is certainly the better rule, so long as anything remains to be done by those courts, or any of their officers, to carry into effect the object and purposes of the litigation commenced in them.

In *Logan* v. *Lucas et al.* 59 Ill. 237, "the defendant in an execution issued upon a judgment rendered in the Circuit Court of the United States, upon a bill filed in a State court, sought to enjoin, not directly the plaintiff in the judgment, or the United States officer charged with the execution, but only a third party, who, it was alleged, caused the execution to be issued, and controlled the same, and asked that he might be restrained from any further action in respect to the execution or the collection of the judgment, and that he be required to command the officer having the execution to take no further proceedings under it," and it was held this was an attempted interference with the execution of process from the United States court, and the decree below dismissing the bill was therefore affirmed.

So far as the ultimate fruits of the litigation in the present case are concerned, to grant the relief asked would, in effect, be to defeat the whole object of the suit, as effectually as if the United States marshal had been enjoined from making

the sale, or issuing a certificate thereof in the first instance, which all will concede could not have been done. It is a familiar principle, the law will not permit a thing to be done by indirection which it would not sanction if done directly.

We are of opinion that to sustain the present bill would be violative of the general principle recognized in the cases above cited, as well as of that comity which exists between the Federal and State courts. Entertaining this view, it follows we can not do otherwise than affirm the judgment of the Appellate Court, which is accordingly done.

*Judgment affirmed.*