JAMES W. WETHERELL

*v.*

LOUISA EBERLE.

*Filed at Ottawa January 19, 1888.*

1. CONFLICT OF LAWS—*State court setting aside deed under judgment in Federal court.* A bill by one seeking to set aside a United States marshal's deed of his land, sold by the officer on a judgment and execution of the United States Circuit Court against another, is not obnoxious to the objection that the State court has no jurisdiction where the validity of the proceedings in the United States Court are questioned.

2. REMOVING CLOUD UPON TITLE—*requisites of bill.* A bill seeking to set aside a deed to land as a cloud on title, is fatally defective if it fails to show that the complainant is in possession of the land, or that it is unimproved and unoccupied.

3. PRACTICE IN CHANCERY—*insufficiency of bill—how availed of.* In considering the question of the sufficiency of a bill in chancery, all matters which go to the jurisdiction of the court may be taken advantage of by demurrer, whether specially pointed out in the demurrer or not, for whenever it appears that the case made by the bill is not brought within the class of cases which courts of equity assume the power to hear and determine, it shows, in the technical sense of the expression, "there is no equity in the bill;" and this defect may be pointed out *ore tenus,* on the argument.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. JAMES R. MANN, for the appellant:

The State courts will not interfere with the action of the Federal court, or its officers in the discharge of their duties, as it would lead to a conflict of jurisdiction. *Logan* v. *Lucas,* 59 Ill. 237; *Sproehnle* v. *Dietrich,* 110 id. 202; *Munson* v. *Harroun,* 34 id. 422.

The bill of complaint contained no allegation in regard to the occupancy or possession of·the lot in question, and this objection was specifically alleged·in appellant's demurrer. It has been repeatedly held by this court that a bill to quiet title or remove a cloud from the title to land, which fails to show that the complainant is in possession, or that the premises are unimproved and unoccupied, is bad on demurrer, as not showing a case for equitable relief. *Gage* v. *Abbott,* 99 Ill. 366; *Hardin* v. *Jones,* 86 id. 313; *Gage* v. *Griffin,* 103 id. 41.

Mr. JULIUS GOLDZIER, for the appellee:

The court first acquiring jurisdiction has exclusive control over it until the cause is disposed of by final judgment or decree. Peeler's Law and Equity in United States Courts, 133.

The power of the court ends with the delivery of the deed. Rorer on Judicial Sales, (2d ed.) secs. 965, 590. See, also, *Buck* v. *Colbath,* 3 Wall. 334; *Clafflin* v. *Houseman,* 93 U. S. 130; *Day* v. *Gallup,* 2 Wall. 97; *Davidson* v. ·*Waldron,* 31 Ill. 136; *Isett* v. *Stuart,* 80 id. 404; *Bank* v. *Evans,* 51 Mo. 335.

The objection that the bill contains no allegation as to possession, is too technical to prevail, and should have been made in the court below.

A special demurrer, according to the well established rules of chancery practice, must point out specifically the defect relied upon. (*Gage* v. *Schmidt*, 104 Ill. 106.) This the appellant's demurrer did not do, but resting on the specific objections to the jurisdiction which are above discussed, assigned another cause for demurrer, "because it is not shown but that complainant has an adequate remedy at law, by ejectment." That this is not a sufficient ground for demurrer, is shown by numerous decisions of this court, from which I quote the following: *Gage* v. *Rohrbach*, 56 Ill. 262; *Haworth* v. *Taylor*, 108 id. 275; *Comstock* v. *Henneberry*, 66 id. 212; *Redmond* v. *Packenham*, 66 id. 434; *Booth* v. *Wiley*, 102 id. 84; *Moore* v. *Munn*, 69 id. 591.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Louisa Eberle brought her bill in the Superior Court of Cook county, against the appellant, James W. Wetherell, to remove an alleged cloud upon her title to certain real estate, particularly described in the bill. It appears from the bill that the property in question originally belonged to appellee's father, from whom she derives title; that after her title accrued, it was sold by A. M. Jones, United States marshal, under a judgment and execution against her husband, to the appellant, and that the latter subsequently received a marshal's deed therefor, which constitutes the alleged cloud on her title. The court overruled a demurrer to the bill, and the defendant declining to answer further, a decree was entered in conformity with the prayer thereof, to reverse which Wetherell prosecutes this appeal.

The question presented by the record for determination is the sufficiency of the bill on demurrer. It is alleged in the de-

murrer, that the plaintiff is not entitled to the relief prayed,— first, "because it appears that said court has no jurisdiction in regard to the matters in said bill set forth, the same relating to the acts of the United States court and its officers;" second, "and because it is not shown but that complainant has an adequate remedy at law, by ejectment." If either of these grounds of demurrer is well taken, the decree, of course, will have to be reversed.

As to the first ground, we think the law is with appellee. Upon this branch of the subject it is urged, that the decree, under the facts disclosed, is an unwarrantable interference with legal proceedings in a Federal court, the tendency of which is to bring about a conflict of jurisdiction between that and the State courts, and *Logan* v. *Lucas*, 59 Ill. 237, *Munson* v. *Harroun*, 34 id. 422, and *Sproehnle* v. *Dietrich*, 110 id. 202, are relied on as sustaining that view. As to the first two cases, which are referred to and commented upon in the last, they are clearly distinguishable from the present, and fall far short of sustaining appellant's position. The last case, which goes to the very verge of the law in that direction, does not, in our opinion, go to the extent claimed, and there is a marked distinction between it and the present case. In that case the United States marshal, it is true, had, as in this, made a sale of the land under a regular judgment and execution, and had issued to the purchaser a certificate of purchase, but here the similarity between the cases ceases. In the *Sproehnle case* the marshal had yet another important duty to perform with respect to the property, if not redeemed,—namely, to execute a deed to the purchaser, the time for redemption not having then expired. The threatened injury was not consummated. The maturing title was *in fieri*, merely, and might be defeated altogether by a redemption of the property. In the present case there is no element of that kind. Here not only the United States court, *but all its officers*, have ceased to have any power, control or jurisdiction over the case. The time of redemption

has expired, and the marshal's deed has been delivered. Such being the case, no ground is perceived for the claim that the decree in the case may lead to jurisdictional complications between Federal and State courts. Nor does the present suit attempt to review, revise or interfere with the judgment or process of the United States court. Nor, indeed, does it question the validity, or even the regularity, of the sale under the execution. The lower court, by its decree, simply found that appellee's husband, who was supposed to own the land in question at the time it was levied upon and sold by the United States marshal, had no title to it, and that consequently nothing passed by the marshal's deed. The question as to the validity of his title was not before the United States court, and consequently it could not have been passed upon by that court. There was clearly no objection to the bill on this ground.

Coming now to the other alleged cause of demurrer, namely, that "it is not shown but that complainant has an adequate remedy at law, by ejectment," that presents a much more serious question. It is said in *Hardin* v. *Jones*, 86 Ill. 313: "There are only two cases, under our law, in which a party may file a bill to quiet title, or to remove a cloud from the title to real property,—first, when he is in possession of the lands; and second, when he claims to be the owner, and the lands in controversy are unimproved and unoccupied." This is conceded to be a correct statement of the law. In the present case it is neither averred that the complainant was in possession of the lands, nor that they were unimproved and unoccupied. The bill, therefore, was bad in substance. The defect in it, as is clearly shown by the case cited, went to the jurisdiction of the court, in the limited sense in which that term is often used in equity. This, also, is admitted. But it is claimed that the defect in the bill is not pointed out in the demurrer, and that therefore the point is waived. This position, even conceding the fact to be as claimed, is not tenable. All matters which go to the jurisdiction of the court may be

taken advantage of by demurrer, whether specially pointed out in the demurrer or not, for whenever it appears that the case made by the bill is not brought within the class of cases in which courts of equity assume the power to hear and determine, it shows, in the technical sense of the expression, "there is no equity in the bill;" and this defect may be pointed out *ore tenus*, on the argument. (1 Daniell's Ch. Pr. 608, 656, 658, and notes.) Indeed, this doctrine is so elementary in its character, and has been so often recognized by this court, that it does not require argument or authority for its support. *Gage* v. *Abbott*, 99 Ill. 366; *Gage* v. *Griffin*, 103 id. 41.

But the claim that the defect in the bill is not pointed out in the demurrer, is not justified by the facts. The demurrer alleges, that "it appears that said court has no jurisdiction in regard to the matters in said bill set forth, * * * because it is not shown but that complainant has an adequate remedy at law, by ejectment." In view of this distinct allegation in the demurrer, it is difficult to conceive what more was wanted to call attention to the fact that there was no averment in the bill that the complainant was in possession of the premises, or that they were vacant and unoccupied. We are clearly of opinion the demurrer to the bill should have been sustained.

The decree is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*