CASTELLÓ ET AL., PLAINTIFFS AND APPELLANTS, *v.* PÉREZ ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Mayagüez in an Action to Annul a Judicial Deed of Sale, etc.

No. 1130.—Decided July 21, 1914.

SALE OF PROPERTY BY FEDERAL COURT—PURCHASE BY ATTORNEY—TITLE CONVEYED BY SPECIAL MASTER—JURISDICTION.—An insular district court has jurisdiction of an action to annul a judicial deed of sale executed by a special master in proceedings before the Federal Court of Porto Rico when the complaint does not assail the judgment of that court but the deed of sale on the ground that it conveyed title to the attorney for the plaintiff, thus violating the provisions of section 1362 of the Civil Code, and when, according to the complaint, the case was terminated in the Federal Court several years before and the property is beyond the custody of the Federal Court and it does not appear that the nullity of said title was raised before that court or decided thereby, or that it affirmed the sale.

JURISDICTION—PRESUMPTION.—The jurisdiction of a court of record is presumed until the contrary is shown.

The facts are stated in the opinion.

*Messrs. José Sabater* and *José G. Torres* for the appellants.

*Mr. José de Diego* for the respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

The original complaint in this case was filed in the District Court of Mayagüez on September 3, 1913, and a demurrer to the said complaint having been sustained, an amended complaint was filed, alleging substantially as follows: That the appellants, Gerardo, Salvador, and José Castelló y Camps, are the heirs of Agustín Castelló Busquets, who died in the year 1906; that in an action prosecuted by the firm of A. Ruffer & Sons in the District Court of the United States for Porto Rico against their said father to recover a debt secured by a mortgage on a certain property described in the complaint, the said court rendered judgment against the defendant on January 9, 1904, for $10,264.81, decreeing that in default of its payment the mortgaged property be sold at public

auction to satisfy the debt and that the proceeds of the sale be paid to A. Ruffer & Sons, or to their attorney; that at the auction sale which took place on September 4, 1904, under a special master of the said court, the property was sold for the sum of $8,000 to the only bidder, N. B. K. Pettingill, who had been and was at that time the attorney for the judgment-creditor firm; that said Pettingill purchased the same on his own account and for his own use; that on September 15, 1909, by order of the Federal Court the special master executed a deed for the judicial sale of the property before a notary public, which deed was recorded in the Registry of Property of Mayagüez. It is also alleged that N. B. K. Pettingill and his wife afterwards sold the property to the other defendant, Tomás Pérez Sales, and took a mortgage for a part of the purchase price and that when the said sale was made it explicitly appeared and does appear in the Registry of Property of Mayagüez that N. B. K. Pettingill was the attorney for the judgment creditors, A. Ruffer & Sons.

On the foregoing allegations the appellants prayed that the District Court of Mayagüez decree the nullity of the deed of sale executed in favor of N. B. K. Pettingill on the ground that the said sale was in violation of the provisions of section 1362 of the Civil Code, and that it also decree the nullity of the deed by which Pérez Sales acquired the property, because the defect in the former deed, consisting in the acquisition of the property by the attorney for the judgment creditor in the action in which the sale was decreed, was shown in the registry of property; and the appellants further prayed for the cancellation of the records which had been made of the said documents in the said registry.

Defendant Pettingill filed a demurrer to the amended complaint, alleging that the court had no jurisdiction of the subject-matter, and Pérez Sales demurred on the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action.

The demurrer alleging lack of jurisdiction was sustained

by the lower court and consequently judgment was rendered dismissing the complaint, from which judgment the plaintiffs have appealed to this court.

The question raised by that judgment and the appeal therefrom is whether the District Court of Mayagüez has jurisdiction to decree the nullity of a title to property acquired at a judicial sale made in proceedings had before the District Court of the United States for Porto Rico and granted to the purchaser by order of the said court.

From what is shown by the amended complaint we can see that it does not attack the judgment of the District Court of the United States for Porto Rico—a Federal court—which judgment was for a sum of money and in default of its payment the sale at public auction of the mortgaged property, but the question to be considered and decided is whether the sale to N. B. K. Pettingill is null and void because of the purchase of the property at a judicial sale by a person prohibited by statute from making such purchase. The title was delivered to the purchaser in 1909 and since that date the property has been in his possession and out of the custody of the Federal Court.

The rule as to the jurisdiction of state courts to entertain actions for the nullity of sales made in Federal courts is clearly defined by the Supreme Court of the United States in the case of *Buck* v. *Colbath,* 70 U. S., 341, where it was said:

"That principle is, that whenever property has been seized by an officer of the court, by virtue of its process, the property is to be considered as in the custody of the court, and under its control for the time being; and that no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises. This is the principle upon which the decision of this court rested in *Taylor* v. *Caryl,* and *Hogan* v. *Lucas,* both of which assert substantially the same doctrine.

"A departure from this rule would lead to the utmost confusion; and to endless strife between courts of concurrent jurisdiction deriv-

ing their powers from the same source; but how much more disastrous would be the consequences of such a course, in the conflict of jurisdiction between courts whose powers are derived from entirely different sources, while their jurisdiction is concurrent as to the parties and the subject-matter of the suit.

"This principle, however, has its limitations; or rather its just definition is to be attended to. It is only while the property is in possession of the court, either actually or constructively, that the court is bound, or professes to protect that possession from the process of other courts. Whenever the litigation is ended, or the possession of the officer or court is discharged, other courts are at liberty to deal with it according to the rights of the parties before them, whether those rights require them to take possession of the property or not. The effect to be given in such cases to the adjudications of the court first possessed of the property, depends upon principles familiar to the law; but no contest arises about the mere possession, and no conflict but such as may be decided without unseemly and discreditable collisions.

"It is upon this ground that the court, in *Day* v. *Gallup,* held that this court had no jurisdiction of that case. The property attached had been sold, and the attachment suit ended, when the attaching officer and his assistants were sued, and we held that such a suit in the State court, commenced after the proceedings in the Federal court had been concluded, raised no question for the jurisdiction of this court."

Similar doctrine is laid down in the case of *Wetherell* v. *Eberle,* 123 Ill., 666, in which, after considering the case of *Sproehnle et al.* v. *Dietrich,* 110 Ill., 202, the court concluded that although it was held in the Sproehnle case that the state court was without jurisdiction of an action upon a judicial sale made in a Federal court, it was because although the sale had been made and the certificate of purchase issued to the bidder by the marshal, nevertheless, the proceedings were not terminated because as the property was subject to redemption the marshal had not executed a deed of sale to the purchaser. In the case of Wetherell, in which the plaintiff sought to correct a certain defect in her title, the supposed defect being that she having acquired the property from her father it was sold in the Federal Court as belonging to her husband

and title delivered to the purchaser, it was held that the State court had jurisdiction of the action because not only the United States court, but all its officers, had ceased to have any power, control, or jurisdiction over the case, and that, therefore, there was no ground for fearing that jurisdictional complications would arise between the state court and the United States court, because the object of the action was not to revise or interfere with the judgment or proceedings of the United States court and because there was no question as to the validity or regularity of the sale under the execution.

Nor in the present case are the proceedings of the Federal Court or of its officers brought into question, for the fundamental question raised is that the purchase made by N. B. K. Pettingill is null and void because he lacked capacity to purchase the property sold, by express statutory prohibition, and, although it is alleged in the complaint that the special master gave him a deed of sale by order of the Federal Court, there is no allegation that the nullity of the sale by reason of the incapacity of the purchaser was brought to the attention of the court and decided by it so as to permit of its being considered as *res judicata* between the parties; nor does it appear from the allegations of the amended complaint that there was an actual approval of the sale, as said words may refer to the original order appointing the special master to make the sale. If there had been an approval of the sale, it would have been an easy matter to say so, and failure to do so must be considered as showing that there was none. In any event, until it is clearly established that the lower court had no jurisdiction of the subject-matter its jurisdiction must be upheld, inasmuch as this is presumed in a court of record until the contrary is shown.

In view of these considerations, we cannot hold that the District Court of Mayagüez is without jurisdiction of this case.

As the other grounds of demurrer were not considered by the lower court nor touched upon by the parties in their briefs

on appeal, we prefer that they be considered and decided by the court á quo.

The judgment appealed from should be reversed and the proceedings continued in accordance with this opinion.

> *Judgment reversed and case remanded for further procedure in accordance with this opinion.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.