## HENRY FEUSIER, APPELLANT, v. GEORGE I. LAMMON et als., RESPONDENTS.

JURISDICTION OF FEDERAL JUDICIARY. The decisions of the United States Supreme Court, upon questions of the jurisdiction of the Federal judiciary, are final and controlling.

JURISDICTION OF STATE COURTS, AS TO GOODS SEIZED UNDER UNITED STATES PROCESS. Where goods are seized and held by a marshal under valid process from an United States court, such process is a complete defense, and gives him the right to hold the property, against any writ issued from a State court.

QUESTION INVOLVED ON REPLEVIN AGAINST A UNITED STATES MARSHAL. Where a replevin suit was commenced in a State court against a marshal for goods seized by him under attachment process from a United States court: *Held*, that the State court could not extend its inquiry beyond the question as to whether the Federal process was valid; and if so, that the question of title to the goods was irrelevant.

JUDGMENT IN REPLEVIN FOR UNITED STATES MARSHAL. In a replevin suit in a State court against a marshal for goods seized under a writ of attachment from a United States court, there is jurisdiction (if the property has been taken from the marshal) to render judgment in his favor for a return of the property or its value.

JURISDICTION OF COURTS TO RENDER JUDGMENT. The jurisdiction of a court to render judgment in a cause is coëxtensive with its authority to inquire into the facts.

APPEAL from the District Court of the Eighth Judicial District, White Pine County.

In March, 1870, one M. Manseau commenced an attachment suit in the United States Circuit Court against E. D. Feusier. Under the writ of attachment issued in the case, a stock of goods in a store in the town of Hamilton, White Pine County, was seized as the property of E. D. Feusier. The seizure appears to have

been made by Henry A. Van Praag, Deputy Marshal, assisted by M. Buxbaum. This suit in replevin was commenced against them, as well as Marshal Lammon.

*Tilford & Foster* and *Aldrich & Wren* for Appellant.

I. If an action of trespass or trover should be brought by plaintiff, the production of this record would be a complete bar. It cannot therefore be said that the issue of ownership is immaterial. (*Buck* v. *Colbath*, 3 Wallace, 434.) For this reason the Court below should have dismissed the action, and not rendered final judgment. (*Ex parte* Hill, 5 Nev. 154; *Ableman* v. *Booth* and *U. S.* v. *Booth*, 21 Howard, 506; *Eberly et al.* v. *Moore et al.*, 24 How. 147; *The Mayor* v. *Cooper*, 6 Wallace, 247.)

II. The issuing of an attachment is not the act of the Court, but the mere ministerial act of the clerk. A plain distinction is made in the books between the two cases. The Court should have required proof of an existing indebtedness which would warrant an attachment, and of the affidavit and undertaking required by statute. (*Thornburgh* v. *Hand*, 7 Cal. 554.)

*R. S. Mesick*, for Respondents.

I. A Court has always a right, in renouncing jurisdiction for any cause in a case, to restore all rights lost, and correct all wrongs done by the use or abuse of its powers, or under color of its authority. The judgment goes no further than to restore the defendants to their original position, or its equivalent.

II. The regularity of the writ of attachment was as much a subject to be left to the United States Circuit Court, as was any other matter or question involved in the action wherein it was issued.

III. The plaintiff is not concluded as to his rights of property by the verdict and judgment in this case. (2d Smith's Leading Cases, [5th Am. Ed.] 671–680; *Sherman* v. *Dilley*, 3 Nev. 21; *Geller* v. *Huffaker*, 1 Nev. 26.)

IV. Defendants did not undertake to impeach any estate of the plaintiff, but only to present the defense of possession being

held as officers of the United States Government, under process from a United States Court.

By the Court, LEWIS, C. J.:

Certain personal property having been seized by the defendant Lammon, upon a writ of attachment issued by the Circuit Court of the United States for the District of Nevada, against the property of one E. D. Feusier, the plaintiff Henry Feusier, claiming to be the owner of the goods so taken, brought this action in the State Court for the purpose of recovering them. In compliance with the writ issued from the State Court, the sheriff of White Pine County took the property from the custody of the marshal, and in due time delivered the same to the plaintiff, in accordance with the provisions of the Practice Act governing actions for the claim and delivery of personal property. The marshal, in his answer to this action, justified under the attachment; alleged that the property belonged to the defendant named in the writ, and claimed a return thereof. Upon the trial, after the plaintiff closed his case, which was principally confined to proof of a purchase by him of the goods in question from E. D. Feusier, prior to the issuance of the attachment, the defendant produced and introduced in evidence the writ, together with his return thereon. In aid of his case it was also admitted by the parties that the defendant Lammon was the United States Marshal for the District of Nevada, and that in his official capacity he took possession of the property sued for, as the property of E. D. Feusier, by virtue of the writ of attachment issued to him out of the Circuit Court. The District Court thereupon instructed the jury, that if they believed from the evidence ·that the defendant took and withheld the goods in dispute as marshal, under and by virtue of the writ of attachment in evidence, they must find a verdict for the defendant, and fix the value of said goods at three thousand dollars, " the sum agreed upon by the parties as the value." The verdict being for the defendant, it was adjudged by the Court that he " recover of the plaintiff the possession of the personal property described in the complaint, or three thousand dollars, in case a delivery of said property cannot be had." The plaintiff appeals, and contends that

the Court erred: first, in giving the foregoing instruction to the jury; and second, in rendering judgment for the return of the property, whereas it should simply have dismissed the action.

Is the instruction correct? It is certainly in strict accord with the recent decisions of the Supreme Court of the United States, and upon questions of this character its decisions are final and controlling. *Freeman* v. *Howe*, 24 How. 450, is a case very similar to this. It appears that Selden F. White instituted suit in the Circuit Court of the United States for the District of Massachusetts, against the Vermont and Massachusetts Railroad Company, to recover certain demands claimed against it. At the commencement of the action an attachment was issued. The marshal, Freeman, to whom the process was issued, attached a number of railroad cars, which, according to the practice of the Court, were seized and held as security for the satisfaction of the demand in suit, in case a judgment was recovered by the plaintiff. While the cars were thus in the custody of the marshal, they were taken out of his possession by the sheriff, under a writ of replevin in favor of Howe and others, issued from the State Court. The marshal justified under the writ, but the State Court overruled his defense and rendered judgment for the plaintiff. This judgment was reversed, the Supreme Court of the United States holding that, although the writ of attachment had been wrongfully levied upon the property of a party not named in the writ, the rightful owner could not obtain possession of it by resort to the State Courts.

In setting aside the decision, the Court thus states the law touching the force and authority of a writ issuing from a Federal Court: " Another and main ground relied on by the defendants in error is, that the process in the present instance was directed against the property of the railroad company, and conferred no authority upon the marshal to take the property of the plaintiffs in the replevin suit. But this involves a question of right and title to the property under the Federal process, and which it belongs to the Federal, and not the State Courts, to determine. This is now admitted; for though a point is made in the brief by counsel for the defendants in error, that this Court had no jurisdiction of the case, it was given up on the argument. And in the condition of the present case, more than

this is involved; for the property having been seized under the process of attachment and in the custody of the marshal, and the right to hold it being a question belonging to the Federal Court, under whose process it was seized, to determine; there was no authority as we have seen, under the process of the State Court, to interfere with it. We agree with Mr. Justice Grier in *Peck et al.* v. *Jenness et al.*, 7 How. 624–5. ' It is a doctrine of law too long established to require citation of authorities, that where a Court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment till reversed is regarded as binding in every Court; and that, where the jurisdiction of a Court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another Court.' ' Neither can one take the property from the custody of the other by replevin, or any other process, for this would produce a conflict extremely embarrassing to the administration of justice.' " See also, *Buck* v. *Colbath*, 3 Wallace, 334.

The law as declared in these decisions, it will be observed, makes the writ in the hands of defendant Lammon a complete defense to the plaintiff's action, and gives him the absolute right to hold the property seized by him, against all or any writs issued from the State Courts. Such being the law, it is manifest it was not only proper, but it was the duty of the Court below to exclude from the case all considerations and evidence respecting the plaintiff's title to the property, when offered for the purpose of overcoming the writ. If the goods were seized and held under valid process from a Federal Court, the marshal had the unqualified right, so far as the State Courts were concerned, to retain the possession of them irrespective of any question of title—that is, the State Courts have no right to extend their investigation beyond the inquiry whether the property is held under valid process from a Federal Court. That fact being found in the affirmative, it is all the defense the Court should require on behalf of the marshal.

The instruction complained of is simply an affirmance of this proposition, and is undoubtedly correct under the authorities cited. But had the Court the power to render judgment for a return of

the property or its value ?   We see no possible reason why it had not, or why in this case it should not have done so.   If, as counsel for appellant claim, the State Court had no jurisdiction of this case, then clearly it had no authority to render such judgment.   The assumption that it had not, however, is obviously untenable. · If the action in the State Court were *in rem,* where the jurisdiction depends on the possession of the property, the position taken might be maintainable ; but that is not this case.   Here the Court had jurisdiction of the ,person of the defendant, the property was actually taken out of his possession upon its process, and by all the cases the Court had authority to determine whether the property in the defendant's possession was held by him under valid process from a Federal Court.   If upon this inquiry the Court came to a conclusion in favor of the plaintiff, it will not be denied it might render final judgment in accordance with his rights ; but if counsel's position be correct, it could give the defendant no protection in his rights ; could render no judgment for him, if its conclusions upon the facts should be in his favor ; nor even restore him to such rights as he may have lost by the process of the Court in this very action. We take it, there can be no doubt of the proposition that the right of every Court to render judgment is coëxtensive with the authority to inquire into the facts.   Let us explain.   If a Court has the right to inquire into the facts, for the purpose of determining who is entitled to the possession of certain personal property, it has the authority to render a judgment which will give effect to the conclusions so arrived at.   Now it is not doubted but in this case the District Court had the right to carry its inquiries to the extent of ascertaining whether the marshal held the property under valid process from the Circuit Court, and if he did not, to award the possession of it to the plaintiff, providing he proved his right to it.   This is certainly an inquiry as to which of the parties, the plaintiff or defendant, was entitled to the possession of the property. Why then might it not pronounce judgment in accordance with its conclusion upon the evidence ?   We think it might, and was fully authorized so to do.

Judgment affirmed.· ,