## SMITH V. BAUER.

1. Property in the hands of the marshal under a writ of attachment from the federal court cannot be interfered with by the sheriff under process from a state court, though the possession of the marshal be wrongful and not by virtue of a proceeding *in rem*. But where the consent of the federal court to proceed in the state court against the marshal is first obtained the rule is otherwise.
2. The question of comity involved in such cases is not jurisdictional.[1]
3. A pleading defective in a matter not jurisdictional cannot be first assailed after answer and trial.

*Error to District Court of Pueblo County.*

BAUER brought his action of replevin in the state court,

___

[1] The foregoing question of comity between state courts referred to but expressly left undetermined.

claiming ownership and right to possession of the goods and chattels described in his complaint. Smith, among the defenses set up in his answer, averred that he held the property as United States marshal by virtue of levies under writs of attachment duly issued out of the circuit court of the United States for the district of Colorado in two certain suits brought against one Julius Kessler. At the trial the foregoing matters set up in the answer were admitted to be true; but the court, nevertheless, tried the issue of ownership and right to possession, and the same was determined in favor of Bauer. To reverse the judgment thus entered this writ of error was sued out. The complaint contained, *inter alia*, the following averment: "That prior to the commencement of this action the plaintiff obtained leave from the circuit court of the United States to sue the defendant, who is and was United States marshal for the district of Colorado."

Messrs. PATTON and URMY, for plaintiff in error.

Mr. JOHN M. WALDRON, for defendant in error.

HELM, J. 1. The supreme court of the United States, in *Freeman v. Howe*, 24 How. 450, announce the doctrine that, when property is in the hands of the United States marshal under a writ of attachment duly issued from a federal court, his custody thereof, even though it be wrongful, and though not by virtue of a proceeding *in rem*, cannot be interfered with by the sheriff, acting with the authority of process issuing from a state court. The conclusion reached in that opinion has been adhered to in later decisions by the same august tribunal; and, although no construction of the constitution or laws of the United States was involved, it is accepted, we believe, by all of the state courts of last resort which have had the question before them. It was adopted by us in *Parks v. Wilcox*, 6 Colo. 489.

This principle or rule of procedure is, however, not de-

cisive of the case at bar.  The precise question here presented is: May the state court, notwithstanding the rule, determine all the rights of plaintiff in the replevin case, where the pleadings show that *consent of the federal court to proceed in the premises against its marshal was first obtained?*  It is obvious that the institution of suit for property, in a court other than the one asserting control thereof, may be a matter of great convenience and economy to litigants.  Such proceeding may also be a relief to the latter court itself.  The last suggestion is particularly true of the class of cases now under consideration, since the effect of the rule mentioned is to draw into the federal courts litigation which is not contemplated by the provisions of the constitution and laws defining their jurisdiction.  If, therefore, the course pursued in the case at bar can be sustained without doing violence to the foregoing rule, in our judgment it should be. The principle of non-interference with each other by courts of concurrent jurisdiction, which, with proper limitations, is so universally acknowledged and so widely commended, is one both of comity and necessity.  *Peck v. Jenness,* 7 How. 612.  It rests mainly upon the following very excellent reason: Without it, an embarrassing element of discord and uncertainty would be introduced into judicial procedure.  Unseemly interference and conflict would often exist in the attempt, by different tribunals, to exercise contemporaneous jurisdiction over the same causes or the same subject-matter, while disastrous consequences might follow to the immediate parties in interest.  But when, in cases like this, the court under whose control property is, gives its prior unqualified consent to the replevin action before another tribunal, can it be said that the foregoing reason is applicable?  Such consent may fairly be construed to show the intention of the court giving it to relinquish temporarily the control possessed, and to be governed, so far as needful, by the result attained in the replevin suit.  Hence there is no

more confusion than would exist had the writ of replevin issued from the latter court, or had the claimant intervened therein in the original attachment proceeding. The danger of conflict is avoided, and the principle of comity is fully satisfied. We are constrained to hold that since in the case at bar the reason for the rule fails, the rule itself should not be applied.

2. It is, however, urged by counsel for plaintiff in error, that, admitting the correctness of the foregoing conclusion, the averment of the complaint before us, relating to consent by the federal court, is wholly insufficient. They assert that, since the averment in question does not specifically show that the consent referred to covered this particular suit, and the tribunal in which it was brought, the complaint does not bring the case within the exception, and that for this reason it fails to state a cause of action. The principle of "comity and necessity," above mentioned, is, in its various applications, often spoken of as though the question involved were one of jurisdiction. We think the language thus used inaccurate, and that, perhaps, counsel have been misled thereby. Unless a concurrence of the right to jurisdiction over the subject-matter or the cause of action, as the case may be, exists, the necessity for invoking the rule could not arise. The question, properly speaking, is not has the court jurisdiction to entertain the proceeding? but, ought it to do so? Should not the exercise of its acknowledged jurisdiction in the premises be held in abeyance until the control of the other court has terminated? Would not the issue and levy of its process be a violation of that comity which should be maintained towards another judicial tribunal? And is it not an imperative duty, under the circumstances, to withhold, for the time being, its action, because of the serious mischief that would follow from a general recognition in practice of the opposite course?

When courts, in the trial of such causes, discover that

the officer acted under a valid process, and hence that this principle of comity has been disregarded, they do not always immediately dismiss the same. They sometimes retain the cases and take such steps as will repair the injury committed. In actions of replevin final judgment is entered, if necessary, awarding a return of the property, or payment of the value should the return be impossible. *Booth v. Ableman,* 16 Wis. 485; *Booth v. Ableman,* 18 Wis. 519; *Feusier v. Lammon,* 6 Nev. 209; *Parks v. Wilcox, supra.*

The averment under consideration is defective in the particulars mentioned, and plaintiff might have been compelled to amend his pleading had it been assailed at the proper time. But the subject to which the averment relates is not jurisdictional. An answer was filed and the cause was fully adjudicated, no objection being made on this ground till the trial was concluded and the verdict returned. The evidence of plaintiff is not before us, and we must presume that his proofs supplied such material matters as the averment may have omitted. The defect in question is of such a nature that, upon this record, it could not, for the first time, be complained of after verdict.

This opinion, it will be observed, makes no reference to cases of replevin brought by the owner in one *state* court for property wrongfully taken by the sheriff under writs of attachment or execution issuing from another *state* court of concurrent jurisdiction.

The judgment will not be disturbed.

*Affirmed.*