WEIL v. SMITH.

A federal court, out of which an attachment writ has been issued and served, has authority to grant permission to proceed in a state court by replevin against the marshal who executed such writ.

*Appeal from District Court of Arapahoe County.*

Messrs. BARTELS and BLOOD, for appellant.

Messrs. J. N. BAXTER and S. P. ROSE, for appellee.

DE FRANCE, C. This is an action of replevin, brought by Weil against Smith to recover the possession of certain goods and chattels of which Weil claims ownership and the right of possession. Smith, as United States marshal, had seized and taken the same into his custody as the property of one Davidson by virtue of an attachment writ issued from the United States circuit court for the district of Colorado in an action therein pending against said Davidson. The complaint in this case contains an averment to the effect that the plaintiff had obtained permission from said federal court to bring this action. In the first defense of his answer, Smith, without denying this averment in the complaint, sets forth the issuance of said writ of attachment, and its regularity; that he was United States marshal for the district of Colorado; and that, as such marshal, he had taken said goods and chattels, as the property of said Davidson, by virtue of said writ of attachment, and not otherwise. To this defense a demurrer for insufficiency was interposed by the plaintiff Weil, but was overruled by the court. The plaintiff then filed a replication to said defense, which was demurred to by the defendant, and this demurrer was sustained. A judgment was then rendered by the court against the plaintiff, and in favor of the defendant, for a return of the said goods and chattels, or for the sum of $1,500 in case such return could not be had.

Since the decision of the supreme court of the United States was rendered in the case of *Freeman v. Howe*, 24 How. 450, the rule there announced, that a sheriff could not be permitted, by virtue of process from a state court, to take property from the hands of a marshal who held the same under an attachment writ issued from a federal court, has generally been recognized and followed by state courts, and this is presumably the principle which governed the district court in its decision of this case. The appellant in this case contends, however, that the

federal court out of which an attachment writ has been issued and served may grant permission to proceed, in a state court, by action of replevin, against the marshal who executed such writ; that the rule referred to does not apply to a case of that kind brought under such permission; and that, therefore, it does not apply to the case at bar. The appellee contends, on the contrary, that the question involved is one of jurisdiction; that the federal court had no power to grant such leave; and that its action in the premises was a nullity. It is sufficient here to say, without discussing the matter, that the principle contended for by appellant has been recently held as correct by this court in the case of *Smith v. Bauer*, 9 Colo. 380, decided since the appeal herein was taken. We adhere to the opinion there announced. The court below erred in overruling the demurrer to the first defense of the answer. This demurrer was waived, however, by the subsequent filing of a replication to said defense; but the demurrer to such replication reached the defect in said defense, and should have been so applied.

Inasmuch as the case must be reversed for the reasons above stated, we need not notice the other assignment of error. The judgment is reversed.

RISING and STALLCUP, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the district court is reversed and the cause remanded.

*Reversed.*