MITCHELL v. SMITH.

REPLEVIN — JURISDICTION.— Goods in the custody of a United States marshal, under attachment issued from a federal court, may be replevied by suit in a state court, by consent of the federal court.

*Appeal from District Court of Clear Creek County.*

LOUIS MITCHELL brought his action of replevin in the state court, claiming ownership and right to the possession of the goods and chattels described in the complaint. Walter A. Smith, among the defenses set up in his answer, avers that he held the property as United States marshal, by virtue of levies under writs of attachment duly issued out of the circuit court of the United States for the district of Colorado, in the two certain suits brought against one Max Mechlenburg.

At the trial the foregoing averments set up in the answer were admitted to be true. It is denied that the property levied upon was the property of Mechlenburg. The complaint contained, *inter alia*, the averment "that, prior to the commencement of this action, the plaintiff obtained leave from the circuit court of the United States to sue the defendant, who is and was United States marshal for the district of Colorado."

June 12, 1885, the cause was tried to a jury, and verdict rendered for plaintiff. Motion to set aside the verdict, and for a new trial, was sustained by the court. Thereupon, on motion of defendant, judgment was rendered upon the pleadings in favor of defendant, to reverse which judgment this appeal is prosecuted.

Messrs. M. J. WALDHEIMER and H. B. O'REILLY, for appellant.

Messrs. ROGERS & CUTHBERT and Mr. R. S. MORRISON, for appellee.

RICHMOND, C.   The only question seriously argued by either party is the right of plaintiff to maintain this action of replevin in the state courts; a United States court having first obtained, by attachment, jurisdiction of the property.

The question here presented was conclusively settled by this court in *Smith v. Bauer*, 9 Colo. 380, wherein it is announced that property in the hands of a marshal, under a writ of attachment from the federal court, cannot be interfered with by the sheriff under process from a state court, though the possession of the property be wrongful, and not by virtue of a proceeding *in rem;* but where the consent of the federal court to proceed in the state court against the marshal is first obtained, the rule is otherwise.   We deem this decisive of the case at bar on this point.

The rule above referred to is based upon principles of comity and necessity.   Its purpose is to avoid unseemly conflict between the federal and state courts.   The exception recognized rests upon a failure of the reason of the rule, and is in the interest of economy and justice.   By the attachment of the marshal the property is taken temporarily into the custody of the federal court, and placed under its control.   By the order of that tribunal consenting to replevin in the state court, a conditional relinquishment of this custody and control is effected. While in the custody of the federal court necessity requires that the right of the state court to possession be denied.   In this sense only is the matter jurisdictional. The exercise of jurisdiction conferred upon the state court by law is for the time being necessarily held in abeyance, but when the custody is voluntarily relinquished by the federal tribunal, for the express purpose of enabling the state court to act, the necessity mentioned no longer exists.

The judgment should be reversed, but this reversal does not operate to reinstate the verdict, and therefore

appellant's request for an order directing judgment thereon must be denied.

*Reversed.*

REED and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed and the cause remanded.

ELLIOTT, J. (*dissenting*). I cannot concur in the foregoing opinion, though it is undoubtedly supported by the former opinions of this court. The question is one of federal cognizance, and cannot be regarded as settled until the supreme court of the United States has passed upon it. By a long line of adjudications that court has asserted the doctrine that property in the possession of a United States marshal, under process from a United States court, cannot be taken out of his possession by any process from a state court. Many of the opinions maintain this doctrine upon jurisdictional grounds. This court, in *Smith v. Bauer*, 9 Colo. 380, followed by *Weil v. Smith*, 11 Colo. 310, asserts that the doctrine rests on the principle of "comity and necessity;" and hence that process of the state court may be levied upon property held by the marshal under process from the federal court, when the latter court gives its consent. Without assuming to criticise the general rule established by the federal decisions I must dissent from this exception. The law governing this question should rest on something more substantial, more constant, more certain, than the mere will or choice of the individual who for the time being may occupy the bench of the United States court in any district. I cannot believe it to be good law, until the supreme court of the United States shall so declare, that a state court may hear and determine a cause at one time for one person, and that at another time or for another person it cannot hear and determine another cause based

upon the same state of facts, simply because the permission of the federal court is given in the one instance and withheld in the other.

It is urged that obtaining consent to sue the marshal is analogous to obtaining consent to sue a receiver of the court. But the analogy fails in many particulars. The marshal is not the appointee of the court. He is not the special officer of the court to take charge of specific property committed to his custody. He is a general officer for the court to serve its process. Property levied upon by the marshal by virtue of a writ of attachment cannot be said to have been seized by order of the court; on the contrary, the marshal has levied upon it at his peril.

Again, when suit is brought against the marshal in replevin for property which he has seized under a writ of attachment from a federal court, it is the privilege of the marshal to justify under the writ by special plea. He is not bound to justify on behalf of the court. He may waive the privilege, but it does not follow that the court may waive it for him. It is his right and privilege as an officer, and he should be at liberty to insist upon it in his own official capacity as a right, and not as a privilege which he holds at the will of another in no way charged with his responsibility in the premises. Furthermore, the plaintiff, having invoked the jurisdiction of the federal court, is entitled to have that tribunal hear and determine his cause, and all auxiliary proceedings and remedies connected therewith. As a general rule, *nisi prius* courts cannot assume and relieve themselves of jurisdiction at their pleasure. A litigant having rightfully brought his suit in the United States court has the right to have the same, and all the matters directly connected therewith, litigated and determined therein, and he cannot lawfully be deprived of such right by the *ex parte* order of the court.

*Reversed.*