The judgment of the court below will be reversed and the cause remanded for a new trial.

Parker J., and Mills, C. J., concur.

---

[839.   August 23, 1900.]

## LOWENTHAL & MEYERS, Plaintiffs in Error, v. SANTIAGO BACA et al., Defendants in Error.

### SYLLABUS BY THE COURT.

FORMER RECOVERY—BAR, WHEN.—A judgment in replevin for defendants, appearing to have been rendered on the merits of the controversy, is a bar to any recovery by plaintiffs in a subsequent action of trespass between the same parties for the same taking of the same goods.

*Error,* to the District Court of Bernalillo County, Second Judicial District. Affirmed.

Statement of the case by the court.

This is an action of trespass brought by plaintiffs in error for damages for the alleged taking of certain property described in the declaration. Defendants pleaded not guilty and also filed special pleas, among which was a plea that the same issues presented in this case had been theretofore determined against plaintiffs in a replevin suit brought by them against defendants in error for the same goods. Plaintiffs demurred to the special pleas, and, the demurrer being overruled, they replied, alleging that said replevin suit was not tried on its merits and resulted in an adverse judgment to them by reason of the fact that as the statute then existed no replevin suit could be maintained against an officer having the custody of chattels under a writ.

It appears that the taking complained of was done by defendant, Baca, who was at the time the sheriff of the county and who took said goods under and by virtue of writs of attachment issued out of said district court in the several actions of defendants against one Harrison and another. Plaintiffs in error, on the day of the levy of the attachment, brought the replevin action mentioned and obtained possession of the goods. The replevin action resulted in the following judgment:

"This cause coming on for trial, come the parties and waive trial by jury and also the findings of law and fact and consent that this cause be tried by the court alone. And the evidence being heard, the court finds the issues for defendant and finds the value of the property replevined herein to be one thousand dollars.

"Wherefore, it is ordered and adjudged that the defendants recover of plaintiffs and of Earnest Meyers, Felix Mandell and Mike Mandell, sureties on the replevin bond given in this cause, the said sum of one thousand dollars, the value of the property, together with their costs, etc., * * * and that execution issue therefor."

Plaintiffs in error then paid this judgment and instituted the present action, which resulted in a judgment for them for one cent damages and costs.

O. N. MARRON, N. C. COLLIER for plaintiffs in error.

1.    The pivot upon which this case turns is a single point and that is whether or not the evidence offered by plaintiffs to show, that the plaintiffs in the attachment suits were paid by the plaintiffs in this suit certain moneys because as a result of the attachment levies they had no other recourse.   There were two objections made to this evidence, viz., that it was irrelevant and that the judgment in the replevin suit was *res judicata* on this question.   We will discuss the latter question first, though defendants may only have intended to state one objection in varying language.

This judgment was not *res judicata*.   Butts v. Wood, 4 N. M. 187.

This case is not only authority upon the construction of the statute, but the statement of facts shows that where there is simply a plea of not guilty, the finding is precisely upon that issue.   The pleadings in the Butts case are precisely as the pleadings in the replevin case found in this record, and without the merits in that being determined the court found the issue of "not guilty" for the defendant.   It does not appear that any special plea was filed denying the jurisdiction but merely upon the facts appearing, that the property was in the hands of an officer, the court said in the Butts case the finding on the issue of not guilty was for the defendant.   So in this.   The declaration in replevin alleges the wrongful taking by Santiago Baca, sheriff, and the proof in this case by witness Childers shows it was taken under the writ of attachment and by Lowenthal that it remained in the possession of the sheriff until taken from him by the writ of replevin.   Showing these facts we conclusively demonstrated that under the Butts-Wood decision, the court had no authority to determine the merits of the cause in the replevin suit.

· The court will observe that section 1981, Compiled Laws of 1884, leave it for construction as to how a judgment should be entered on a failure of proof and the Butts-Wood decision says in effect that the issue on a plea of not guilty should be found for the defendant.

2.    Was the misconceived and abortive remedy by replevin of influence in any way as determining the form of action in this case?

(a)    It must be considered that if the sheriff, holding writs against third parties unlawfully interfered with the possession of Lowenthal and Myers, he was answerable for what ever damage thereby resulted unless too remote to be taken into account.

(b)    The United States Supreme Court has decided that where resort was had to replevin and it was unsuccessful for similar reason as in this case, an action for the trespass may be begun upon the bond of the officer, the replevin suit being in no way *res judicata.*    Lamon v. Feusier, 111 U. S. 17.

Turning to the case in the State Report it is not fuller than is the report in Butts v. Wood, and no rational distinctions can be drawn between the two except that in one it was shown to be a non-suit, while the Butts v. Wood decides that finding the issue for defendant amounts to no more than that.    Under our statute the Butts case says the judgment should have been for defendant.    Feusier v. Lamon, 6 Nev. 209.

This should be all the argument wanted on the score of *res judicata,* but we cite these further authorities merely as to when there is an estoppel as to the thing adjudged.    Robbins v. Collier, 3 N. M. (Johns.) 231; United States v. Bliss, 172 U. S. 321; So. Pac. R. R. Co. v. U. S., 168 U. S. 1-52; New Orleans v. Bank, 167 U. S. 371.

3.    This replevin suit not being an estoppel the evidence offered was material on several theories.

(a)    It is to be observed that witness Childers stated, that the goods were only taken under the attachment in number 1842 and that the writs were merely lodged with the sheriff in the other cases.    If we could show, therefore, that the other plaintiffs in attachment actually received money as a result of the wrongful attachment, it makes them joint tortfeasors with the sheriff.

Thus the United States Supreme Court holds that a bond of indemnity given by plaintiff in attachment to induce the sheriff to hold, after levy, property not subject to the writ, makes him joint trespasser.    Lovejoy v. Murray, 3 Wall, 1.

Receiving benefit from the wrong could certainly be taken as a ratification of the original trespass.

(b)    As the property was stated by Lowenthal to be worth seven hundred dollars, the evidence, in the judgment of its being assessed at one thousand dollars for defendants' benefit would not only preclude them from having it valued at less than seven hundred dollars but be confirmatory of value fixed at least seven hundred dollars by Lowenthal.

4.    Was the sum plaintiffs were compelled to pay recoverable as damages in this form of action?

In a very early case of libel in personam, it is held that where there was a tortious taking of plaintiff's vessel and cargo and he paid as a necessary means to recover possession a large sum of money, this in no way affected his right to maintain the suit.    Am. Ins. Co. v. Johnson, Blatchford & Howard, 27 (U. S. Cir. Ct.).

(Note:    The parties to whom the money was paid were not parties to the action, but plaintiff recovered what had been paid defendants for salvage, there being no recovery for the property because it had been restored before suit.)

In Conrad v. Insurance Company, Judge Story, in an opinion affirming a prior case, held that where the property had been restored, plaintiffs should recover the property less what it was worth at a sale by them.    Conrad v. Insurance Company, 6 Pet. 281.

In New York it was ruled in an action of trover brought after restoration of the property, that plaintiff was entitled to recover what he had been compelled to pay to regain it.    Murray v. Burling, 10 Johns, 172; Sutherland on Damages, sec. 1103; Beadle v. Whitlock, 64 Barb. 297; Keene v. Dilke, 4 Exchequer, 388; Nagle v. Mullison, 34 Pa. St. 48.

In trespass it was held where property was attached, replevin suit failed and plaintiff paid assessed value, that the sheriff by receiving an equivalent in money after judgment for a return was answerable.    Foss v. Stewart, 15 Maine, 312.

Where second action of replevin was brought, because the first was not determined on the merits, plaintiff recovered on the ground he stood as he originally did as to right to recover.    Walbridge v. Shaw, 7 Cush. 560; Martin v. Sweetser, 12 Allen, 134.

Would it be seriously contended that the United States Supreme Court in the Lamon case, supra, would have turned plaintiff out of court if he had paid assessed value, as to which the record is silent, instead of actually returning the property? We think such a point would have been deemed frivolous. 111 U. S. 17.

In trover the restoration of the property goes in mitigation of damages and if that restoration is obtained by the offer and payment of a reasonable reward, this amount is to be deducted from the value of the property restored, another way of saying the expense is to be allowed the plaintiff. Greensfield Bank v. Leavitt, 17 Pick. 1; Curtis v. Ward, 20 Conn. 204; Lucas v. Turnbull, 15 Gray, 306; Ewing v. Blount, 20 Ala. 306.

In this case there can be no question of reasonable amount, as whatever was the amount, it is what the defendants exacted.

In Wisconsin there is a case of direct authority to recover this payment in a case of trespass. Anderson v. Sloane, 72 Wis. 566.

While there was no objection raised by defendants in the court below, as to the evidence not being admissible under the pleadings, we cite, nevertheless, the following: In trover where the goods had been unconditionally received by the plaintiff he is entitled to damages for the difference in value at the time of the conversion and that of delivery without laying special damages in the declaration. Rank v. Rank, 5 Pa. St. 211.

CHILDERS and DOBSON for defendants in error.

1. The first point discussed in plaintiffs in error's brief is that the judgment in the replevin suit pleaded by the defendants was not a bar to this action.

Said judgment is as follows:

"This cause coming on for trial, come the parties and waive trial by jury and also the findings of law and fact and consent that this cause be tried by the court alone. And the evidence being heard, the court finds the issues for defendant and finds the value of the property replevined herein to be one thousand dollars.

"Wherefore it is ordered and adjudged that the defendants recover of plaintiffs and of Ernest Meyers, Felix Mandell and Mike Mandell, sureties on the replevin bond in this cause, the said sum of one thousand dollars, the value of the property, together with their costs in this behalf expended, to be taxed herein, and that execution issue therefor."

The case of Hardin v. Palmerlee, 10 N. W. Rep. 773, is a case in point and we quote the syllabus, which is as follows:

"The question is whether a former adjudication in an action, in the nature of a replevin, is a bar to the subsequent (the present) action between the same parties to recover the value of the same property, on the ground of conversion. the same right of property in the plaintiff and the same acts in respect thereto on the part of the defendant, constituted the causes of action relied upon in both cases. Upon the facts pleaded in the complaint in the former action, the plaintiff would have been entitled, under the rulings of this court in Washburne v. Mendenhall, 21 Minn. 332, and Morish v. Mountain, 22 Minn. 564, to recover as for conversion, the value of the property if his right of property (the same right relied upon in both actions) had been maintained, even though he could not have had a judgment for the recovery of the property by reason of the fact that defendant had not the possession or control of it when the action was commenced. Held, that a judgment in the former action in favor of the defendant constituted a bar to the subsequent action."

"Where the record in replevin fails to disclose what issues were litigated, a finding of the court against plaintiff, and judgment that he take nothing by his complaint, are conclusive of all issuable matters; and, in a subsequent action by defendants to recover the value of the property, plaintiff having failed to return it, the latter cannot show by extraneous evidence that the prior action did not determine the right of ownership." Fromlet et al. v. Poor, 29 N. E. Rep. 1081; Black on Judgments, sections 504 and 671.

The case in 29th N. E. Rep., above referred to, is directly in point with the case at bar.

The record in this case simply shows the following facts, which are recited in the judgment: "Come the parties and waive trial by jury and also the findings of law and fact and consent that the case be tried by the court alone, and the evidence being heard the court finds the issues for defendant and finds the value of the property replevined herein to be one thousand dollars." There is nothing in the record before this court other than the pleadings in said replevin suit and the judgment rendered therein to show what issues were tried in said replevin cause and it is presumptive on the part of plaintiff in error without a word of proof, to say that the verdict in said replevin suit was rendered because the court had no jurisdiction in the premises. The judgment recites "the evidence being heard," etc., the Court finds the issue for the defendant, and so far as this court is concerned or so far as record discloses, the question as to the right of the said Lowenthal and Meyers, to maintain replevin against Santiago Baca, as the sheriff of Bernalillo county may never have been raised. The plaintiffs demurred to defendants' plea setting up prior adjudication, and the demurrer was overruled, and thereafterwards issue was joined and there was no evidence introduced with reference to what issues were tried in said replevin cause or any offer made by the plaintiff in respect thereof.

And defendants in error contend that the issues in the replevin suit in this cause are the same, and the parties are the same, and the property sought to be replevined is the identical property for which they now seek to recover damages for its conversion and the four essential elements necessary to constitute a prior adjudication exist.

The principal case in the United States Supreme Court upon the question of res judicata is Cromwell v. County of Sac. 94 U. S. 351, to which counsel for defendants in error respectfully refer.

In the case of Hatch, Executor, etc., v. Codington et al., 19 N. W. Rep. 396, the court held in the action brought to recover the possession of property after a former judgment for damages, that the subject matter and cause of action in both cases were the same, although the relief sought was different, and we quote from the syllabus as follows:

"Plaintiff brought a former action (a common law action for trover) against defendant to recover damages for the alleged wrongful conversion of certain personal property. Upon the same state of facts he now brings the present action to recover possession of the specific property itself. In each case he predicates his right to recover upon his general ownership and right of the possession of the property, the wrongful possession of defendant, and his refusal to return it upon the rightful claim of the plaintiff. The only difference is in the relief prayed for: In the one case damages for the conversion; in the other, a return of the specific property. Held, that the subject matter and cause of action in both cases are the same, although the form of action and the relief sought are different, and therefore the judgment in the first action is a bar to a recovery in the second."

See also the following cases in support of defendants' contention, that the judgment in the replevin suit was a bar to a recovery in this action. Henry Ewald v. Waterhont, 37 N. W. 602; Dawson v. Baum, 19 Pacific 46; Featherstone v. Newburgh, 24 N. Y. Sup. 603; City of LaPorte v. Organ, 32 N. E. 342; Sayward v. Thayer, 36 Pac. 966.

We do not understand or see the applicability of the case of Butts v. Woods referred to by plaintiffs in error in their brief, to this cause. In that case the question as to the right to maintain an action in replevin against the sheriff was directly in issue and passed upon by the court, but in this case there is not a word of evidence in the record in this cause, or in the record in the replevin suit which is a part of the record herein, to show that any such question was raised. It is true plaintiffs' replication to defendants' plea of res judicata denies that said replevin case was determined upon its merits, but no proof was offered, and this court can not go behind the record, and the record does not support such contentions.

And we respectfully submit that the other cases cited by the plaintiff in error are not in point.

2. The first and second assignments of error are to the effect that the court erred in refusing to permit plaintiffs to show that they had been compelled to pay damages assessed in the replevin suit.

We contend that under the allegations in the declaration such evidence as plaintiffs attempted to offer was incompetent and inadmissable.

There is only one count in the declaration in this cause and that is that the defendants "wrongfully and unlawfully, with force and arms in the said county of Bernalillo and Territory of New Mexico, seized, took and carried away the property, goods and chattels of said plaintiffs*** (here follows specific description of the property) and converted and disposed of the same to their own use."

Evidence to show that plaintiffs paid money to prevent the property from being converted, will not support an allegation in a declaration for the conversion of property, and the court committed no error in excluding plaintiffs' offer of proof which was "to show in this case that after the property was attached by the sheriff under the writs of the attachment in the three cases numbered 1842, 1843 and 1844, plaintiff brought an action in replevin against the several plaintiffs in those cases, and that judgment being rendered upon the issues for the defendant and assessment of damages being against the plaintiff in the replevin suit, that he paid the damages and subsequently brought this suit to recover the amount paid to plaintiffs in those attachment suits."

An examination of the case cited by plaintiff in error (Am. Ins. Co. v. Johnson, Blatchford & Howard, 27 U. S. Cir. Ct.), shows that the respondent rescued the brig Hercules and got her off the reef and navigated her to Key West and proceedings to obtain salvage were instituted by the respondent in the Territorial Court of Florida, which awarded him $31\frac{1}{4}$ per cent. of the value of the brig and her cargo, and the vessel was sold at auction under the decree of the court. The owner of the cargo abandoned it to the libellants who were underwriters upon the cargo of the brig Hercules, and the latter sent an agent to Key West, who upon arriving there, found that the brig and her cargo had been sold, and the nearest court then in session was held at St. Augustine, and before he could have gone there and returned, the goods would have been taken beyond its jurisdiction. Under these circumstances the agent for libellants offered $72,500 to recover possession of the brig and her cargo from her respective purchasers, but

with the express reservation of all his rights and with the open assertion that he ransomed the goods as if from pirates. The agent succeeded in getting the brig and her cargo. Said action was then brought to recover back the $72,500 which respondent and his associates paid to redeem the vessel and also prayed that the salvage money be refunded." It, therefore, appears from the foregoing facts that the action was brought to recover the money and not for the conversion of said brig and her cargo. We fail to see the application of said case to the one at bar.

In actions such as this, wherein the tort is specifically described, it can not be disregarded, but must be proven as alleged. Smith v. Causey, 65 Am. Dec. 372; See also 1st Greenleaf on Ev., Sec. 60.

Variance is defined to be a disagreement between the allegations and the proof in some matter which, in point of law, is essential to the charge or claim. 1 Chitty on Plead., page 392; 1 Greenleaf on Ev., Sec. 63 et seq.

An examination of the exhibits in the record shows that the attachment suits brought by the defendants, Phelan and Walker & Maloy, were sued out on the thirty-first day of December, 1886, and the property was levied upon under the attachment writs by the officer on the same day. And exhibit 10 shows that the replevin suit brought by the plaintiffs in this suit against the defendants, was likewise filed on the thirty-first day of December, 1886, and the return of the special officer who executed the replevin writ shows that the defendants in the replevin suit failed to give a bond, and the property was turned over to the plaintiff, and so far as the evidence shows in this case, the plaintiffs suffered no damages, save and except the moneys which they claim to have paid out on account of the judgment in said replevin suit, which the court in this case refused to permit them to prove, and the verdict should have been for the defendants, as there was no evidence to support a judgment for one cent damages.

An examination of the case of Murray v. Burling, 10 Johns. 172, cited by the plaintiffs in error, shows that this was an action brought for the conversion of a promissory note, and from the facts stated in the opinion, it seems that the note was given by the plaintiff to be used for a particular purpose;

that the payee of said note hypothecated the same for an entirely different purpose for which it was intended, and plaintiff paid the party who was an innocent purchaser the amount of the note, and sued the payee for conversion. The decision of the court is simply to the effect that trover for the conversion of a promissory note was maintainable, and the payment of the note by the makers before the commencement of the action in trover is not the character of payment made by the plaintiffs in this suit. In that case the parties voluntarily paid the note, and were obliged to do so, to maintain their action. In this case it was not a voluntary payment on the part of the plaintiffs' but a payment of a judgment rendered against them in a court of competent jurisdiction. Likewise, an examination of the case referred to in 17 Pickering, page 1, will show that it is not applicable, and the facts are entirely different. In that case the plaintiffs offered a thousand dollars reward for the recovery of certain packages containing bank bills, and the money was recovered, and they became liable for the reward and commenced their action for damages, and the jury gave them the amount of the reward as costs and expenses incurred by reason of the conversion of the bank bills, and while the offering of the reward was voluntary by them, the payment of it became necessary when the property was recovered and the reward earned. An examination of the other cases cited by plaintiffs in error, in support of the proposition that the plaintiff is entitled to recover what he was compelled to pay in order to regain his property, are not applicable. Plaintiffs in this case were not compelled to pay any money in order to gain possession of their property, and the money which they attempted to show that they did pay, was not to regain possession of the property, for they already had the property, and the question of their right to it had been litigated and under the statutes of New Mexico, where the plaintiff had the property, the judgment of the court could only be a money judgment.

This money was not paid to procure the release of the goods from the writ of attachment, but was paid to satisfy a judgment which was perfectly valid. The utmost that can be said for it under plaintiff's contention, and which we do not admit, is that it was made in order to relieve the plaintiffs

from the result of a mistake of law, in bringing replevin instead of trover or trespass. The general rule is that money paid as a result of a mistake of law, in the absence of fraud or duress can not be recovered back. Chandler v. Sawyer, 114 Mass. 364; 19 Am. Rep. 367; Spards v. Barrety, 37 Ill. 289; 11 Am. Rep. 10; Nicodemus v. East Saginaw, 25 Mich. 456; Adams v. Reeves, 68 N. C. 134; 12 Am. Rep. 627.

With reference to the recovery back of the money paid, it is said by the Supreme Court of the United States:

"There are only three grounds on which such a recovery can be maintained—fraud, mistake or duress. No fraud is charged.

"Mistake, in order to be a ground of recovery, must be a mistake of fact, and not of law. Such, at least, is the general rule. 3 Pars. Contr. 398; Hunt v. Rousmaniere, 1 Pet. 1; Bilbie v. Lumley, 2 East. 183; 2 Smith, Lead. Cas. 398 (6th Ed. 458), notes to Marriot v. Hampton. A voluntary payment, made with a full knowledge of all the facts and circumstances of the case, though made under a mistaken view of the law, can not be revoked, and the money so paid can not be recovered back. Clark v. Dutcher, 9 Cow. (N. Y.) 674; Ege v. Koontz, 9 Pa. St. 109; Boston & Sandwich Glass Co. v. City of Boston, 4 Metc. (Mass.) 181; Benson & Another v. Monroe, 7 Cush. (Mass.) 125; Milnes v. Duncan, 6 Barn. & Cress. 671; Stewart v. Stewart, 6 Cl. & Fin. 911; and see cases cited in note to 2 Smith. Lead. Cas. 403, 404 (6th Ed. 466), Marriot v. Hampton." Lanborn v. County Commissioners, 97 U. S. 185.

A suit for money had and received was the proper remedy to recover the money, if plaintiff can bring himself within the rule that the payment was compulsory, or the result of fraud, otherwise there is no right to recover.

Neither was there any fraud charged in this case.

We respectfully submit that if it is contended that the money paid on account of the judgment rendered against the plaintiffs could be made an element of damages in this case, it was necessary to specially plead it, which was not done.

"Under a general allegation of damages, plaintiff may prove and recover those damages which naturally and necessarily result from the act complained of, for these damages

the law implies will proceed from it. These are called general, as contra-distinguished from special damages which are a natural and not a necessary consequence. Special damages are required to be stated in the declaration. A wrong by which the owner is deprived of possession of his property, does not necessarily oblige him to incur expense to recover possession; or, if his horse is injured, expense for his care and cure." 1 Sutherland on Dam., pages 763-764, citing Gray v. Ballard, 22 Minn. 278; Patten v. Libbey, 32 Me. 378.

"So, in trespass 'for taking a horse,' nothing can be given in evidence which is not expressed in the declaration; and, if money was paid over in order to regain possession, such payment should be alleged as special damages. These rules are equally applicable to pleadings under the code or common law systems." Hale on Damages, 226, citing Chitty on Plead., 410-411, to the same effect.

PARKER, J.—1. The single proposition presented by the record is the effect of the judgment in the replevin proceeding. The court found all of the issues in favor of the defendants. What then were those issues? It is clear that among the issues were the ownership, right to the immediate possession of the goods in question, and the wrongful caption or detention of the same by the defendants. All of these issues were necessarily involved and were found against the plaintiffs by the judgment. Whether the proposition that "no replevin for property in the hands of an officer shall be brought," as provided by section 2739 of the Compiled Laws of N. M. of 1897, was presented to the court does not appear. It is true plaintiffs so allege in their replication to the special pleas, but they made no attempt to show that such was the basis of the judgment. Whether the same would be permissible to be shown by evidence aliunde the record, we do not decide. But no such evidence was offered. This they were obligated to show in order to obtain the benefit of it. U. S. v. Bliss, 172 U. S. 321-326. That such proposition was not presented may be inferred from the plea in the case which was a plea of not guilty. This plea, under our statutes, puts in issue only the rightful ownership of the property and the wrongful taking and detention. Com. Laws of 1897, section 2748. Whether

a special plea would be necessary to present such a question is not involved and we do not decide, but general principles of pleading would seem to indicate that it would.

The issues under the pleadings and facts in this case, are necessarily the same as those in the replevin case. In order to recover at all they must show ownership, right to possession and unlawful caption by defendants. 1 Chitty on Plead., star page 168, et seq. These issues were all submitted to the court in the replevin case and determined against plaintiffs.

*FORMER recovery: bar when.*

The issues in the two cases being the same, is the former judgment a bar to recovery in this case? Upon both principle and authority it seems the answer must be in the affirmative. Hatch, Exr. v. Coddington, 19 N. W. (Wis.) 393; Dawson v. Baum, 19 Pac. (Wash.) 46; Sayward v. Tawyer, 36 Pac. (Wash.) 966; Cromwell v. County of Sac, 94 U. S. 351; Railroad Co. v. U. S., 168 U. S. 1., 48.

It is argued, however, by plaintiffs that a different rule in cases like this has been laid down by the Supreme Court of the United States and Lammon v. Feusier, 111 U. S. 17, is cited. In that case the U. S. marshal for the district of Nevada and his bondsmen were sued upon his official bond for a wrongful levy of a writ of attachment upon plaintiff's property. Plaintiff had instituted in the State Courts of Nevada an action of replevin for the same goods and had failed, Feusier v. Lammon, 6 Nev. 209, and, notwithstanding that fact, the circuit court for the district of Nevada and the Supreme Court of the United States sustained his right of action. But an examination of the case, as reported in 6 Nev. 209, shows it to be clearly distinguishable from the case at bar. In that case the trial court in its instructions to the jury limited the inquiry to the question whether the goods were held by the defendant as marshal, under a writ of attachment, and directed them in case they so found to find for the defendant. The Supreme Court held the instruction to be correct on the ground that the rightful owner of property wrongfully seized under process of a Federal court can not go into a state court to recover possession of the same. It will thus be seen that it affirmatively appears that case was not tried on its merits, and the question of ownership, right of possession in the plain-

tiff, the rightfulness or wrongfulness of the caption were not put in issue nor determined, the sole issue being as to whether the defendant had taken the goods as marshal under a valid writ. Not so in the case at bar.

Counsel has cited several cases showing that where there has been a tortious taking, the plaintiff may recover in trespass as damages any money necessarily paid to recover the same. But the principle underlying those cases has no application here. In all those cases it is made to appear that the taking was tortious, while in this case it is determined by the replevin judgment that the taking was not tortious.

It is, indeed, unfortunate if in this case the replevin judgment does not truly show the issue upon which it was rendered, and thus deprives plaintiffs of their rights. But this court is powerless to proceed upon any basis other than what is shown by the judgment itself, and that effectually bars any recovery in this case. We think the judgment below should have been for defendants, but the same being for one cent damages and costs, they do not complain of it.

For the reasons stated the judgment will be affirmed, and it is so ordered.

Mills, C. J., and McFie, J., concur.
Leland and Crumpacker, JJ., did not sit.

---

[845.   August 23, 1900.]

### SYLLABUS BY THE COURT.